**Kelly S. Riggs**, OSB #094862
Email: kriggs@schwabe.com
**Matthew Singer**, OSB #055090
Email: msinger@schwabe.com
**Thomas J. Payne**, OSB #165168
Email: tpayne@schwabe.com
Schwabe, Williamson & Wyatt, P.C.
1211 SW Fifth Avenue, Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Facsimile: 503-796-2900

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| SARAH PICKENS, an Individual; JAMIE RICH, an Individual; TIANNA SCHAEFFER, an Individual; BRYTTNEE BAUER, an Individual; MARIE HUTCHINSON, an Individual; CAMERON JOHNSON, an Individual; COREY KIYABU, an Individual; ELI LAURITZEN, an Individual; CYNTHIA LOESCH, an Individual; JENNIFER MAYER, an Individual; CAYLIN SISLER, an Individual; NAN VANSANDT, an Individual; CHRISTINA WILLIAMS, an Individual; LENA ABBOTT, an Individual; CONNIE CIRCLE, an Individual; M'KYA DOUGLAS, an Individual; ANDREA HARGIS, an Individual; DANA HINMAN, an Individual; DAYMON SMITH, an Individual; MICHELLE WHITE, an Individual; CYNTHIA FULLERTON, an Individual; PATIENCE KNOWLES, an Individual; | Case No. 6:23-cv-01718-MC<br><br>**DEFENDANT'S MOTION FOR PARTIAL DISMISSAL OF PLAINTIFFS' FIRST AMENDED CONSOLIDATED COMPLAINT FOR DAMAGES**<br><br>REQUEST FOR ORAL ARGUMENT |

DEFENDANT'S MOTION FOR PARTIAL DISMISSAL OF
PLAINTIFFS' FIRST AMENDED CONSOLIDATED COMPLAINT
FOR DAMAGES

129564\283427\TPA\45357623.2

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

CRYSTAL SHEFFIELD, an Individual; and
TAMI THOMPSON, an Individual,

        Plaintiffs,

   v.

PEACEHEALTH, a corporation,

        Defendant.

DEFENDANT'S MOTION FOR PARTIAL DISMISSAL OF
PLAINTIFFS' FIRST AMENDED CONSOLIDATED COMPLAINT
FOR DAMAGES

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

## Table of Contents

LR 7-1 Certification ................................................................................................. 1

MOTIONS ............................................................................................................... 1

MEMORANDUM ..................................................................................................... 2

I.      INTRODUCTION ........................................................................................... 2

II.     BACKGROUND ............................................................................................. 3

III.    PEACEHEALTH'S RULE 12 MOTION FOR PARTIAL DISMISSAL ......................... 6

        A.      Legal Standard ............................................................................. 6

                1.      Seven Plaintiffs Fail to Allege a Failure-to-Accommodate Claim ............. 7

                2.      All Plaintiffs Have Not Plausibly Pleaded Any Other Legally
                        Cognizable Religious-Discrimination Theories ......................................... 10

IV.     PEACEHEALTH'S MOTION TO DISMISS AND STRIKE PLAINTIFFS'
        THIRD CLAIM FOR RELIEF ....................................................................... 19

        A.      Legal standard .......................................................................... 20

        B.      Plaintiffs' Invasion of Privacy Claim Should Be Dismissed under the Anti-
                SLAPP Statute ............................................................................ 21

                1.      Plaintiffs' allegations arise out of symbolic speech on an issue of
                        public concern ............................................................................. 21

                2.      Plaintiffs' Invasion of Privacy Claim fails as a matter of law ................. 23

                3.      Alternatively, Plaintiffs' Invasion of Privacy Claim should be
                        dismissed under Rule 12(b)(6) ...................................................... 24

V.      CONCLUSION ............................................................................................ 25

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Bartholomew v. Washington*,
　2023 WL 6471627 (W.D. Wash. Sept. 21, 2023) ............................................................17, 18

*Africa v. Com. of Pa.*,
　662 F.2d 1025 (3d Cir. 1981) ....................................................................................8, 9, 10

*Ashcroft v. Iqbal*,
　556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ...........................................6

*Balistreri v. Pacifica Police Dep't*,
　901 F.2d 696 (9th Cir. 1990) ........................................................................................7

*Bell Atl. Corp. v. Twombly*,
　550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ...........................................6

*Biggs v. City of St. Paul*,
　No. 6:18-cv-00506-MK, 2020 WL 2744092 (D. Or. May 5, 2020) ............................24

*Bolden-Hardge v. Off. of Cal. State Controller*,
　63 F.4th 1215 (9th Cir. 2023) ..................................................................................8, 11

*Brown v. NW Permanente, P.C.*,
　No. 3:22-cv-986-SI, 2023 WL 6147178 (D. Or. Sept. 20, 2023) ................................18

*Estate of Caviness v. Atlas Air, Inc.*,
　2023 WL 6802950 (S.D. Fla. Sept. 20, 2023) .............................................................18

*Citizens United v. Fed. Election Comm'n*,
　558 U.S. 310, 130 S. Ct. 876, 175 L. Ed. 2d 753 (2010) .............................................22

*Conroy v. Clark*,
　No. 3:20-cv-00366-SB, 2020 WL 6731724 (D. Or. Oct. 29, 2020) ...................20, 21, 23

*Cox v. Nw. Reg'l Educ. Serv. Dist.*,
　No. 3:22-cv-01073-HZ, 2024 WL 777598 (D. Or. Feb. 23, 2024) .............................12

*Daniels-Hall v. Nat'l Educ. Ass'n*,
　629 F.3d 992 (9th Cir. 2010) ........................................................................................6

*Davis v. Team Elec. Co.*,
　520 F.3d 1080 (9th Cir. 2008) ....................................................................................15

DEFENDANT'S MOTION FOR PARTIAL DISMISSAL OF
PLAINTIFFS' FIRST AMENDED CONSOLIDATED COMPLAINT
FOR DAMAGES

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

129564\283427\TPA\45357623.2

*Detwiler v. Mid-Columbia Med. Ctr.*,
   No. 3:22-cv-01306-JR, 2022 WL 19977290 (D. Or. Dec. 20, 2022) ....................................3, 8

*El v. United Parcel Serv., Inc.*,
   No. 3:19-cv-333-SI, 2020 WL 2616397 (D. Or. May 22, 2020).................................................7

*Ellison v. Inova Health Care Servs.*,
   No. 1:23-cv-00132, 2023 WL 6038016 (E.D. Va. Sept. 14, 2023) .........................................10

*Fallon v. Mercy Cath. Med. Ctr. of Se. Pennsylvania*,
   877 F.3d 487 (3d Cir. 2017)....................................................................................................9

*Finkbeiner v. Geisinger Clinic*,
   623 F. Supp. 3d 458 (M.D. Pa. 2022), *appeal dismissed,* No. 22-2714, 2023
   WL 6057495 (3d Cir. Sept. 18, 2023) ......................................................................................9

*Future Ads LLC v. Gillman*,
   No. SACV 13-905-DOC, 2013 WL 12306479 (C.D. Cal. Dec. 23, 2013) ............................24

*Heller v. EBB Auto Co.*,
   8 F.3d 1433 (9th Cir. 1993) ...................................................................................................11

*Hernandez v. City of Phoenix*,
   43 F.4th 966 (9th Cir. 2022) ..................................................................................................22

*Holt v. Urb. League of Portland, Inc.*,
   No. 3:22-cv-00837-YY, 2023 WL 7017838 (D. Or. Sept. 28, 2023)....................................20

*Jernigan v. Alderwoods Grp., Inc.*,
   489 F. Supp. 2d 1180 (D. Or. 2007) ......................................................................................17

*Johnson v. Brown*,
   567 F. Supp. 3d 1230 (D. Or. 2021) .......................................................................................3

*Kather v. Asante Health Sys.*,
   No. 1:22-cv-01842-MC, 2023 WL 4865533 (D. Or. July 28, 2023)......................................8

*Keene v. City & Cnty. of S.F.*,
   No. 22-16567, 2023 WL 3451687 (9th Cir. May 15, 2023)....................................................7

*Khoja v. Orexigen Therapeutics, Inc.*,
   899 F.3d 988 (9th Cir. 2018) ...................................................................................................7

*Leake v. Raytheon Techs. Corp.*,
   2023 WL 2242857 (D. Ariz. Feb. (2023 ,27 .........................................................................18

DEFENDANT'S MOTION FOR PARTIAL DISMISSAL OF
               PLAINTIFFS' FIRST AMENDED CONSOLIDATED COMPLAINT
               FOR DAMAGES

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

129564\283427\TPA\45357623.2

*Marleau v. Truck Ins. Exch.*,
  333 Or. 82 (2001) ..........................................................................................24

*Mason v. Gen. Brown Cent. Sch. Dist.*,
  851 F.2d 47 (2d Cir. 1988) ..............................................................................8

*Mills v. PeaceHealth*,
  31 F. Supp. 3d 1099 (D. Or. 2014) ..........................................................16, 17

*Neumann v. Liles*,
  295 Or. App. 340 (2018) ............................................................................21, 22

*Neumann v. Liles*,
  358 Or. 706 (2016) ..........................................................................................22

*Payne v. Salazar*,
  899 F. Supp. 2d 42 (D.D.C. 2012) ..................................................................15

*Peterson v. Hewlett-Packard Co.*,
  358 F.3d 599 (9th Cir. 2004) ......................................................................7, 12

*Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*,
  890 F.3d 828 (9th Cir. 2018), *amended,* 897 F.3d 1224 (9th Cir. 2018) ................21

*Raad v. Fairbanks N. Star Borough Sch. Dist.*,
  323 F.3d 1185 (9th Cir. 2003), *opinion amended on denial of reh'g,* No. 00-
  35999, 2003 WL 21027351 (9th Cir. May 8, 2003) ........................................15

*Sambrano v. United Airlines, Inc.*,
  No. 4:21-cv-1074-P, 2023 WL 8721437 (N.D. Tex. Dec. 18, 2023) ........14, 15, 16

*Thompson v. Asante Health Sys.*,
  No. 1:23-cv-00486-CL, 2023 WL 7348812 (D. Or. Sept. 21, 2023) ................13

*Tiano v. Dillard Dep't Stores, Inc.*,
  139 F.3d 679 (9th Cir. 1998) ............................................................................8

*Tokarski v. Wildfang*,
  313 Or. App. 19, 496 P.3d 22 (2021) ..............................................................20

*Tollefson v. Price*,
  247 Or. 398 (1967) ..........................................................................................23

*Trinh v. Shriners Hospitals for Children*,
  No. 3:22-cv-01999-SB, 2023 WL 7525228 (D. Or. Oct. 23, 2023) ..................8

DEFENDANT'S MOTION FOR PARTIAL DISMISSAL OF
PLAINTIFFS' FIRST AMENDED CONSOLIDATED COMPLAINT
FOR DAMAGES

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

129564\283427\TPA\45357623.2

*U.S. v. Ritchie*,
   342 F.3d 903 (9th Cir. 2003) .................................................................7

*United States v. Swisher*,
   811 F.3d 299 (9th Cir. 2016) ...............................................................22

*Weil v. Citizens Telecom Servs. Co., LLC*,
   922 F.3d 993 (9th Cir. 2019) ...............................................................13

*Wilson v. Hewlett-Packard Co.*,
   668 F.3d 1136 (9th Cir. 2012) ...............................................................6

**Statutes**

42 U.S.C. § 2000e-3(a) ..............................................................................15

Civil Rights Act Title VII, 42 U.S.C. § 2000e *et seq.* ........................................ *passim*

ORS 12.110.................................................................................................23

ORS 31.150...................................................................1, 3, 19, 20, 21, 23

ORS 31.152...........................................................................................19, 20

ORS 659A.030 ...................................................................................... *passim*

**Other Authorities**

HEALTH AUTHORITY, TEMPORARY ADMINISTRATIVE ORDER PH 34-2021 ....................................4

FED. R. CIV. P. 8(a)(2).................................................................................6

Federal Rules of Civil Procedure Rule 12(b)(6) ................................................ *passim*

OAR 333-019-1010 ....................................................................................4

OAR 839-005-0125(2)(a)(A-B) ..................................................................15

OREGON HEALTH AUTHORITY, TEMPORARY ADMINISTRATIVE ORDER PH 38-2021
   (effective Aug. 5, 2021) ...............................................................4

OREGON HEALTH AUTHORITY, TEMPORARY ADMINISTRATIVE ORDER PH 42-2021
   (effective Sept. 1, 2021)..............................................................4

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

## **LR 7-1 CERTIFICATION**

Pursuant to LR 7-1, counsel for Defendant PeaceHealth ("PeaceHealth") hereby certifies that the parties made a good faith effort through telephone conferences to resolve the dispute at issue in this motion and have been unable to do so.

## **MOTIONS**

PeaceHealth respectfully moves to dismiss the following claims from Plaintiffs' First Amended Consolidated Complaint for Damages ("Amended Complaint"):

1.      Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, PeaceHealth moves to dismiss with prejudice the following claims for failure to state a claim upon which relief can be granted:

      (a)      the religious accommodation claims asserted by seven Plaintiffs (Bauer, Johnson, Lauritzen, VanSandt, Douglas, Hargis, and Hinman), in Paragraph 89-4; and

      (b)      the religious based wrongful termination, wrongful reduction of pay, retaliation, discriminatory pattern or practice, and hostile work environment theories asserted by all Plaintiffs, in Paragraphs 89-1, 89-2, 89-3, 89-5[1].

2.      Pursuant to Plaintiffs' stipulation in conferral, Plaintiffs' Third Claim for Relief for Invasion of Privacy. Alternatively, in the event Plaintiffs rescind such stipulation, pursuant to ORS 31.150, PeaceHealth moves to strike and dismiss Plaintiffs' Third Claim for Relief for Invasion of Privacy.

These motions are supported by the pleadings and the following points and authorities.

---

[1] Paragraph 89-5 appears to contain two distinct theories of relief in the same subparagraph: discriminatory pattern or practice and hostile work environment.

Page 1 -      DEFENDANT'S MOTION FOR PARTIAL DISMISSAL OF
               PLAINTIFFS' FIRST AMENDED CONSOLIDATED COMPLAINT
               FOR DAMAGES

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

129564\283427\TPA\45357623.2

## MEMORANDUM

### I.    INTRODUCTION

This case began as a three plaintiff action, filed by Plaintiffs Pickens, Rich, and Schaeffer on November 20, 2023, asserting claims of religious failure to accommodate under Title VII and ORS 659A.030, arising out of their alleged requests for religious exception to PeaceHealth's COVID-19 vaccination requirement. ECF 1. On February 12, 2024, PeaceHealth filed a motion to dismiss the original three Plaintiffs' Complaint for failure to state a claim, on the grounds that they had asserted conclusory allegations of religious beliefs insufficient to show a sincere religious conflict with receiving the COVID-19 vaccination. ECF 8. The original Plaintiffs filed their response to the motion to dismiss on February 26, 2024. ECF 11.

Then, just days later, on March 1, 2024, Plaintiffs filed the Amended Complaint, adding 21 new plaintiffs (for a current total of 24 named Plaintiffs), several new claims of religious discrimination, and a new claim for relief for invasion of privacy. ECF 12. The Court then denied PeaceHealth's initial motion to dismiss as moot in light of the amendment. ECF 13.

In their Amended Complaint, Plaintiffs assert religious discrimination claims under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.* and ORS 659A.030(1)(a), alleging that PeaceHealth discriminated against them by failing to accommodate their religious beliefs when it did not allow them to work in a healthcare setting during a global pandemic while unvaccinated. Am. Compl. ¶¶ 82-4, 89-4. Seven of the Plaintiffs have failed to allege beliefs that are religious in nature for purposes of Title VII and ORS 659A.030. Additionally, all Plaintiffs assert alternative theories of religious discrimination, including theories of wrongful termination, wrongful reduction in pay, retaliation, "company-wide, or systemic, discriminatory pattern or practice," and hostile work environment. Am. Compl. ¶¶ 82-1, 82-2, 82-3, 82-5, 89-1, 89-2, 89-3, 89-5. Each of these new claims are redundant to the failure-to-accommodate claims, insufficiently or improbably pleaded, or both.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

Plaintiffs have also now alleged a tort claim for invasion of privacy, arising from allegations that PeaceHealth encouraged vaccinated caregivers to wear stickers indicating their vaccination status. Am. Compl. ¶¶ 92-95. This claim arises from alleged expressive conduct by PeaceHealth on a matter of public concern and therefore would have been subject to a special motion to strike under ORS 31.150. This claim was legally flawed in multiple ways, not least because it is facially time-barred. During conferral on this motion, Plaintiffs, through their legal counsel, stipulated to dismissal of their Third Claim for Relief for Invasion of Privacy. Declaration of Kelly S. Riggs in Support of Defendant's Motion for Partial Dismissal of Plaintiffs' First Amended Consolidated Complaint for Damages ("Riggs Decl.") ¶¶ 2-4. Accordingly, the Court should grant PeaceHealth's motion to strike and dismiss that claim with prejudice.

## II.    **BACKGROUND**[2]

The SARS-CoV-2 virus, and the COVID-19 infection it causes, upended life for Oregonians in early 2020. COVID-19 presented "a serious risk to the health and safety of our community, nation, and world." *Johnson v. Brown*, 567 F. Supp. 3d 1230, 1238 (D. Or. 2021). The disruption was felt acutely among those who worked in healthcare facilities. However, the health and safety risks were undermined substantially by the development, approval, and widespread use of life-saving vaccines. As recognized by courts in this District, "Oregon responded to this crisis by mandating the vaccination of workers in healthcare settings, which this District has determined is 'a rational way to further the State's interest in protecting everyone's health and safety during the COVID-19 pandemic.'" *Detwiler v. Mid-Columbia Med. Ctr.*, No. 3:22-cv-01306-JR, 2022 WL 19977290, at *1 n.1 (D. Or. Dec. 20, 2022) (quoting *Brown*, 567 F. Supp. 3d at 1253). To that end, in August 2021, the Oregon Health Authority

---

[2] PeaceHealth does not admit to the allegations in the Amended Complaint and reserves the right to deny and contest them at a later date if necessary, but relies on the allegations in the Amended Complaint solely for purposes of this motion.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

(OHA) issued a rule requiring all Oregon healthcare providers and staff[3] to either be fully

vaccinated against COVID-19 or comply with its process for documenting a religious or medical

exception to the vaccines. OAR 333-019-1010 (the "OHA Vaccine Mandate").[4]

     PeaceHealth is a nonprofit corporation, incorporated and headquartered in Vancouver,

Washington, that operates hospitals and other healthcare facilities in Washington, Oregon, and

Alaska. During the relevant period, PeaceHealth employed Plaintiffs as in-person healthcare

workers in Oregon. Am. Compl. ¶ 4. In accordance with the OHA Vaccine Mandate,

PeaceHealth "imposed a vaccine mandate to its employees, but, consistent with law, permitted

employees to apply for religious or medical exceptions to the vaccine." Am. Compl. ¶ 4.

     Together, Plaintiffs assert religious discrimination claims under 42 U.S.C. § 2000e *et seq.*

and ORS 659A.030(1)(a), alleging that PeaceHealth failed to accommodate, and thus

discriminated against, them based on their religious beliefs (*i.e.*, their refusal to receive the

COVID-19 vaccine) by not allowing them to work in a healthcare setting unvaccinated and

placing them on indefinite unpaid leave. They also now allege that the same conduct also

amounts to wrongful termination (both under disparate treatment and disparate impact theories),

---

    [3] Healthcare providers and staff are defined as "individuals [. . .] working, learning, studying, assisting, observing or volunteering in a healthcare setting providing direct patient or resident care or who have the potential for direct or indirect exposure to patients, residents, or infectious materials, and includes but is not limited to any individual licensed by a health regulatory board [. . .], unlicensed caregivers, and any clerical, dietary, environmental services, laundry, security, engineering and facilities management, administrative, billing, student and volunteer personnel." OAR 333-019-1010(2)(f)(A).

    [4] Initially, on August 5, 2021, the OHA issued a rule requiring healthcare workers to either be fully vaccinated or undergo weekly testing for COVID-19 by September 30, 2021.OREGON HEALTH AUTHORITY, TEMPORARY ADMINISTRATIVE ORDER PH 34-2021 (effective Aug. 5, 2021). On August 25, 2021, the OHA amended the rule to remove the testing option and required all healthcare workers to be fully vaccinated or have a documented medical or religious exception in place by October 18, 2021. OREGON HEALTH AUTHORITY, TEMPORARY ADMINISTRATIVE ORDER PH 38-2021 (effective Aug. 25, 2021). On September 1, 2021, the OHA further amended the rule to establish a process and form ("OHA Form") for seeking religious exceptions. OREGON HEALTH AUTHORITY, TEMPORARY ADMINISTRATIVE ORDER PH 42-2021 (effective Sept. 1, 2021); *see also* OAR 333-019-1010.

DEFENDANT'S MOTION FOR PARTIAL DISMISSAL OF
PLAINTIFFS' FIRST AMENDED CONSOLIDATED COMPLAINT
FOR DAMAGES

129564\283427\TPA\45357623.2

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

wrongful reduction in pay, retaliation, and a "company-wide, or systemic, pattern or practice" of discrimination. Plaintiffs allege no new facts in support of these new theories or claims.

All Plaintiffs also now assert a hostile work environment claim, but do not assert individualized factual allegations supporting this claim with respect to all Plaintiffs. To the extent that they attempt to allege individualized facts, this claim relies on alleged adverse treatment and hostility only related to their unvaccinated status. *E.g.*, Am. Compl. ¶ 55 (alleged hostile work environment "included nasty comments, social media posts and gossip from coworkers, and being blamed, as an unvaccinated person, for the continuation of the pandemic, amongst other negative judgments"); ¶ 59 (alleging that once coworkers knew that Hargis was unvaccinated, they "started treating her as if she were stupid, and she was treated differently"); ¶ 71 (alleging that a physician told Thompson that "all unvaccinated people are extremely selfish, that they are the problem, and that they should not have the right to refuse the vaccine").

Finally, Plaintiffs also assert in the Amended Complaint a common law claim against PeaceHealth, characterized both as "invasion of privacy" and "publication of private facts." In support of this claim, Plaintiffs allege that PeaceHealth distributed "yellow badge stickers to vaccinated employees, encouraging them to wear their vaccination status on their badges." Am. Compl. ¶ 93. Plaintiffs claim that PeaceHealth's actions "ma[de] it obvious to everyone which employees were vaccinated or unvaccinated." *Id.* Plaintiffs further allege that other PeaceHealth employees "circulated inflammatory and demeaning memes on social media" hostile to individuals who were not vaccinated. *Id.* In the context of the COVID-19 pandemic, Plaintiffs allege that being unvaccinated exposed them to public blame by individuals who contracted COVID-19, including fatal cases of the disease. *Id.* ¶ 94. During telephone conferral, Plaintiffs' counsel agreed to dismissal of this claim. Riggs Decl. ¶ 4.

PeaceHealth now moves to dismiss all Plaintiffs' invasion of privacy claims, seven Plaintiffs' religious failure-to-accommodate claims, and all Plaintiffs' other religious discrimination and hostile work environment claims.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

### III.   <u>PEACEHEALTH'S RULE 12 MOTION FOR PARTIAL DISMISSAL</u>

Pursuant to Rule 12(b)(6), PeaceHealth moves to dismiss with prejudice the following claims for failure to state a claim upon which relief can be granted:

> (1)   the religious accommodation claims asserted by seven Plaintiffs (Bauer, Johnson, Lauritzen, VanSandt, Douglas, Hargis, and Hinman), in Paragraph 89-4; and

> (2)   the religious based wrongful termination, wrongful reduction of pay, retaliation, discriminatory pattern or practice, and hostile work environment theories asserted by all Plaintiffs, in Paragraphs 89-1, 89-2, 89-3, 89-5[5].

### A.   <u>Legal Standard</u>

To survive a Rule 12(b)(6) motion, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), with "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). That standard "does not require 'detailed factual allegations,'" but does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

In evaluating a motion to dismiss, the court must accept all well-pleaded material facts alleged in the complaint as true. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012). However, the court need not accept as true "conclusory" allegations, "unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992,

---

[5] Paragraph 89-5 appears to contain two distinct theories of relief in the same subparagraph: discriminatory pattern or practice and hostile work environment.

DEFENDANT'S MOTION FOR PARTIAL DISMISSAL OF PLAINTIFFS' FIRST AMENDED CONSOLIDATED COMPLAINT FOR DAMAGES

129564\283427\TPA\45357623.2

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

998 (9th Cir. 2010). In addition to facts alleged in the complaint, the court may take judicial notice of facts within the public record and documents incorporated by reference into the complaint. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018); *U.S. v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003). Dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

      1.    <u>Seven Plaintiffs Fail to Allege a Failure-to-Accommodate Claim</u>

Plaintiffs claim that PeaceHealth discriminated against them by failing to accommodate their religious beliefs in violation of Title VII and ORS 659A.030(1)(a). State law religious discrimination claims under ORS 659A.030 fall under the same analytical framework used under federal law, specifically Title VII. *El v. United Parcel Serv., Inc.*, No. 3:19-cv-333-SI, 2020 WL 2616397, at *3 (D. Or. May 22, 2020).

To establish a prima facie case of religious discrimination based on failure to accommodate, each Plaintiff must demonstrate that: (1) they "had a bona fide religious belief, <u>the practice of which conflict[ed] with an employment duty</u>"; (2) they "informed [their] employer of the belief <u>and conflict</u>; and (3) "the employer discharged, threatened, or otherwise subjected [them] to an adverse employment action because of [their] inability to fulfill the job requirement." *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 606 (9th Cir. 2004) (emphasis added); *Keene v. City & Cnty. of S.F.*, No. 22-16567, 2023 WL 3451687, at *1 (9th Cir. May 15, 2023) (quoting *Berry v. Dep't of Soc. Servs.*, 447 F.3d 642, 655 (9th Cir. 2006)). *If* the plaintiff "makes out a prima facie failure-to-accommodate case, the burden then shifts to [the defendant] to show that it 'initiated good faith efforts to accommodate reasonably the employee's religious practices or that it could not reasonably accommodate the employee without undue hardship.'" *Peterson*, 358 F.3d at 606.

With regard to the first element, although Title VII defines "religion" to include "'all aspects of religious observance and practice, as well as belief,'" "Title VII does not protect

    DEFENDANT'S MOTION FOR PARTIAL DISMISSAL OF PLAINTIFFS' FIRST AMENDED CONSOLIDATED COMPLAINT FOR DAMAGES

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

secular preferences." *Tiano v. Dillard Dep't Stores, Inc.*, 139 F.3d 679, 682 (9th Cir. 1998). As a result, courts need not "take plaintiffs' conclusory assertions of violations of their religious beliefs at face value." *Bolden-Hardge v. Off. of Cal. State Controller*, 63 F.4th 1215, 1224–25 (9th Cir. 2023). Further, "facts that hint at religious beliefs but do not specify how those beliefs conflict with receiving a COVID-19 vaccine," and other "'threadbare reference[s]' to religious beliefs [are] insufficient at the motion to dismiss stage." *Kather v. Asante Health Sys.*, No. 1:22-cv-01842-MC, 2023 WL 4865533, at *5 (D. Or. July 28, 2023); *Detwiler*, 2022 WL 19977290, at *4 (noting belief that vaccine "may do more harm than good" was "secular/medical" (citing *Fallon v. Mercy Cath. Med. Ctr. of Se. Pennsylvania*, 877 F.3d 487, 492 (3d Cir. 2017))). As the Second Circuit explained:

> An individual's assertion that the belief [is religious] does not . . . automatically mean that the belief is religious. To the contrary, a threshold inquiry into the 'religious' aspect of particular beliefs and practices cannot be avoided, if [a court is] to determine what is in fact based on religious belief, and what is based on secular or scientific principles.

*Mason v. Gen. Brown Cent. Sch. Dist.*, 851 F.2d 47, 51 (2d Cir. 1988) (internal citation omitted) (collecting cases).

Additionally, a belief that simply asserts an ability to make standards for one's own conduct is not a religious belief. Fundamental First-Amendment concerns animate this standard, as "the very concept of ordered liberty precludes allowing [the plaintiff], or any other person, a blanket privilege to make his own standards on matters of conduct in which society as a whole has important interests." *Africa v. Com. of Pa.*, 662 F.2d 1025, 1031 (3d Cir. 1981) (cleaned up) (quoting *Wisconsin v. Yoder*, 406 U.S. 205, 215–16, 92 S. Ct. 1526, 32 L. Ed. 2d 15 (1972)). In the context of religious objections to COVID-19-related measures, courts have held that an employee's belief in the right to make one's own choices or maintain the purity of ones' body, even if grounded in a religious tradition, is not "a comprehensive system of beliefs about fundamental or ultimate matters." *E.g.*, *Trinh v. Shriners Hospitals for Children*, No. 3:22-cv-01999-SB, at *10, 2023 WL 7525228 (D. Or. Oct. 23, 2023), *report and*

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

*recommendation adopted*, 2023 WL 7521441 (D. Or. Nov. 13, 2023) (quoting *Africa*, 662 F.2d at 1032).

Thus, a belief that involves making choices on an individualized basis—in contrast to choices resulting from a comprehensive belief system—is not religious for purposes of Title VII and its Oregon analogue, even if the belief has some nexus to religious or spiritual faith. For example, a district court in Pennsylvania rejected religious-discrimination claims asserted by an individual who professed a religious belief in "a God given right to make [her] own choices." *Finkbeiner v. Geisinger Clinic*, 623 F. Supp. 3d 458, 465 (M.D. Pa. 2022), *appeal dismissed*, No. 22-2714, 2023 WL 6057495 (3d Cir. Sept. 18, 2023) (cleaned up). The *Finkbeiner* court noted that if this religious belief entitled the plaintiff to accommodation, it "would amount to 'a blanket privilege' and 'a limitless excuse for avoiding all unwanted . . . obligations.' Though fungible enough to cover anything that [the plaintiff] trains it on, this belief 'is an "isolated moral teaching" . . . not a comprehensive system of beliefs about fundamental or ultimate matters.'" *Id.* (quoting *Africa*, 662 F.2d at 1030, 1031, and *Fallon*, 877 F.3d at 492). Thus, belief or practice that affords substantial individual authority to create conflicts with employment duties is not, for Title VII purposes, a religious belief or practice.

Under this framework, seven of the Plaintiffs—specifically, Bauer, Johnson, Lauritzen, VanSandt, Douglas, Hargis, and Hinman (the "Seven Plaintiffs")—have not pleaded plausible claims for relief. The Seven Plaintiffs assert similar religious beliefs that, even if sincere, are too fungible to allow an employee to rely on to avoid any unwanted job duties. The Seven Plaintiffs each assert beliefs that fall within the zone of caution recognized in *Africa* and *Fallon*. Specifically, each of the Seven Plaintiffs asserts a claim that relies heavily on a personal, non-specific belief or practice that lacks a connection with "a comprehensive system of beliefs about fundamental or ultimate matters." *See Fallon*, 877 F.3d at 492.

Four of them—Lauritzen, VanSandt, Douglas, and Hinman—all assert similar beliefs or practices related to maintaining their bodies free of substances that are unclean or would taint the

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

body, variously grounded in a belief that the body is a temple of the Holy Spirit or similar beliefs. Am. Compl. ¶¶ 29, 42, 54, 62. Yet the determination of why all available COVID-19 vaccines would be unclean, tainting, or otherwise proscribed is personal to each plaintiff, and either facially religious or an isolated moral teaching. *See, e.g.*, *Ellison v. Inova Health Care Servs.*, No. 1:23-cv-00132 (MSN/LRV), 2023 WL 6038016, at *5 (E.D. Va. Sept. 14, 2023) (holding that similar objections about body-as-a-temple type beliefs were secular beliefs about vaccination, although described in religious terms).

Similarly, VanSandt and the three others—Bauer, Johnson, and Hargis—allege that their religious belief or practice implicated is following conclusions reached through prayer. Am. Compl. ¶¶ 17, 23, 42, 58. While prayer is a religious practice, a decision reached through prayer is not categorically a religious belief for Title VII purposes. Each of these beliefs or practices, however sincere, are closer to an isolated moral teaching than a comprehensive system of belief. Permitting any objection to any practice reached through prayer to yield Title VII protections would create precisely the type of "blanket privilege" against any unwanted obligation warned against in *Africa*. *See* 662 F.2d at 1031. The *Ellison* court reached precisely this conclusion, holding that plaintiffs whose religious objections to vaccination relied on prayer about vaccination had not stated viable Title VII claims. *See Ellison*, 2023 WL 6038016 at *5. Accordingly, PeaceHealth respectfully requests that the Court dismiss the Seven Plaintiffs' claims in full—both because their failure-to-accommodate claims are not sufficiently pleaded (as established above) and because no other pleaded theory is sufficiently alleged or otherwise viable (as established below).

        2.     <u>All Plaintiffs Have Not Plausibly Pleaded Any Other Legally Cognizable Religious-Discrimination Theories</u>

As noted above, Plaintiffs assert religious-based claims under Title VII and ORS 659A.030. Those claims include five subparagraphs (set forth in Paragraphs 82 and 89 of the Amended Complaint) each containing a distinct theory of relief, most of which amount to nothing more than attempts to call the same failure-to-accommodate theory (Paragraphs

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

82-4 and 89-4, discussed above) by different names. The theories all rest on the same facts: PeaceHealth's decisions and accommodations provided with respect to the Plaintiffs' requests for religious exception to the OHA's COVID-19 vaccination requirements. *E.g.* Am. Compl. ¶¶ 79–81.

A legal framework exists for this type of dispute under Title VII and ORS 659A.030—that is, a failure-to-accommodate claim, based on the requirement that an employer must provide reasonable accommodation to an employee whose sincere religious beliefs or practices conflict with an employment duty, unless it would create an undue hardship. *See Heller v. EBB Auto Co.*, 8 F.3d 1433, 1438 (9th Cir. 1993). Plaintiffs' misguided attempts to transform this claim into several additional theories for relief fail. As set forth more fully below, none of these other theories are sufficiently pleaded, much less independently viable based on PeaceHealth's decision to provide unpaid leave as an accommodation.

> a.    *Plaintiffs' wrongful termination theory is not sufficient.*

In Paragraphs 82-1 and 89-1 of the Amended Complaint, Plaintiffs purport to assert a religious-based wrongful termination theory under Title VII and ORS 659A.030; they characterize that theory as both "disparate treatment" and "disparate impact." Am. Compl. ¶ 89-1. As noted above, this theory appears to be based on PeaceHealth's accommodation process and does not state a separate basis for relief. Moreover, this theory is not sufficiently pleaded as Plaintiffs fail to articulate what facts in their complaint allegedly support a wrongful termination theory. These deficiencies cannot be cured through amendment, and dismissal with prejudice is appropriate with respect to this claim.

To plead a "disparate impact" wrongful termination theory, Plaintiffs must "(1) show a significant disparate impact on a protected class or group; (2) identify the specific employment practices or selection criteria at issue; and (3) show a causal relationship between the challenged practices or criteria and the disparate impact." *Bolden-Hardge v. Off.*

DEFENDANT'S MOTION FOR PARTIAL DISMISSAL OF PLAINTIFFS' FIRST AMENDED CONSOLIDATED COMPLAINT FOR DAMAGES

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

129564\283427\TPA\45357623.2

*of California State Controller*, 63 F.4th 1215, 1227 (9th Cir. 2023). Plaintiffs have not

adequately pleaded these elements. At most, Plaintiffs appear to claim that some aspect of the

COVID-19 vaccination requirement and exception process identified individuals who

submitted religious exception requests as "disfavored" and "separat[ed] all as a group to be

terminated." That does not sufficiently identify the specific employment practice or selection

criteria at issue or any causal connection. It also does not identify a legally cognizable

disparate impact on a protected class or group. This Court has already ruled that defining a

protected class as all individuals with a religious objection to vaccination would be improper.

*See, e.g.*, *Cox v. Nw. Reg'l Educ. Serv. Dist.*, No. 3:22-cv-01073-HZ, 2024 WL 777598, at

*13–14 (D. Or. Feb. 23, 2024) (concluding that a disparate impact claim based on religion

must be based on the impact on an identifiable religious group or subgroup, rather than a

group "of religious individuals holding a particular belief they attribute to their religion even

if other members of that individual's faith or religious group believe otherwise") (citing

*Dunbar v. Walt Disney Co.*, No. CV 22-1075-DMG (JCX), 2022 WL 18357775, at *3 (C.D.

Cal. July 25, 2022)). Thus, there is no legal basis to support Plaintiffs' wrongful termination

claim based on a disparate impact theory.

Similarly, Plaintiffs have not—and cannot—plead a "disparate treatment" wrongful

termination theory. The elements of this theory are: "(1) [the plaintiff] is a member of a

protected class; (2) [the plaintiff] was qualified for [their] position; (3) [the plaintiff]

experienced an adverse employment action; and (4) similarly situated individuals outside

[their] protected class were treated more favorably, or other circumstances surrounding the

adverse employment action give rise to an inference of discrimination." *Peterson v. Hewlett-*

*Packard Co.*, 358 F.3d 599, 603 (9th Cir. 2004).

Plaintiffs' theory fails on both the second and fourth element. As to job qualifications,

Plaintiffs allege that they were unable or unwilling to fulfill a condition of employment:

COVID-19 vaccination. Plaintiffs' ability to allege qualification for their jobs depends on a

DEFENDANT'S MOTION FOR PARTIAL DISMISSAL OF
PLAINTIFFS' FIRST AMENDED CONSOLIDATED COMPLAINT
FOR DAMAGES

129564\283427\TPA\45357623.2

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

successful failure-to-accommodate claim, and thus cannot create a separate claim for disparate treatment.

Moreover, Plaintiffs do not, and cannot, identify similarly situated employees who received more favorable treatment. To be similarly situated, "[i]t is not enough for employees to be in similar employment positions; rather, the plaintiff and the comparator employee must be 'similarly situated . . . in all material respects.' Employees are similarly situated if they have 'similar jobs and display similar conduct.'" *Weil v. Citizens Telecom Servs. Co., LLC*, 922 F.3d 993, 1004 (9th Cir. 2019) (quoting *Moran v. Selig*, 447 F.3d 748, 755 (9th Cir. 2006), and *Vasquez v. Cty. of Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2003)). Plaintiffs cannot point to vaccinated employees as comparators—such employees have displayed materially different conduct. They also cannot point to unvaccinated employees who requested or received medical exceptions to the COVID-19 vaccination requirement, as Judge Clarke has already rejected that theory in another vaccine-related case. *See, e.g.*, *Thompson v. Asante Health Sys.*, No. 1:23-cv-00486-CL, 2023 WL 7348812, at *7 (D. Or. Sept. 21, 2023), *report and recommendation adopted,* No. 1:23-cv-00486-CL, 2023 WL 7326496 (D. Or. Nov. 7, 2023) (individuals with medical exception requests were not similarly situated to employees with religious exception requests, because of the different standards applicable to each group).

Accordingly, the only *sufficiently similarly* comparators the Plaintiffs could point to would be individuals who did not get vaccinated against COVID-19 and did not request or receive religious exception. But that theory would also fail, because Plaintiffs do not allege (nor could they) that PeaceHealth continued to employ any unvaccinated individuals who did not have an approved religious or medical exception (much less that it allowed them to work in person). Thus, Plaintiffs effectively concede that individuals who refused vaccination on grounds that were neither religious nor medical were treated *less* favorably than Plaintiffs.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

Plaintiffs therefore do not, and cannot, allege a legally cognizable disparate treatment wrongful termination claim and dismissal with prejudice is appropriate.

> **b.** *Plaintiffs' reduction-in-pay theory is derivative of their failure-to-accommodate claim.*

In Paragraphs 82-2 and 89-2 of the Amended Complaint, Plaintiffs assert a claim for "wrongful reduction in pay," based on PeaceHealth's decision to place them on unpaid leave as an accommodation. This claim is entirely derivative of the primary theory at issue: failure to accommodate. Thus, whether unpaid leave was a reasonable accommodation is already—and more appropriately—at issue with respect to the failure-to-accommodate theory. Am. Compl. ¶¶ 82-4, 89-4. To the extent Plaintiffs contend that their administrative leave (during which they did not perform work) should have been paid, that is an issue for the failure-to-accommodate claim, not an independent cause of action or legal theory. Moreover, Plaintiffs do not allege facts to indicate how their pay was reduced or any alleged "reduction in pay" was wrongful, nor that any similarly situated employees received pay while on administrative leave as a result of being unvaccinated against COVID-19. Further, to the extent Paragraphs 82-2 or 89-2 contain a viable theory for relief, the claims pleaded are wholly consumed within and duplicative of claims pleaded elsewhere in the Amended Complaint.

> **c.** *Plaintiffs' retaliation claim is implausible.*

In Paragraphs 82-3 and 89-3 of the Amended Complaint, Plaintiffs assert a claim for retaliation, based on PeaceHealth's alleged termination of employees who requested religious exceptions. At the outset, to the extent Plaintiffs' retaliation claim solely arises from PeaceHealth's decision to place Plaintiffs on leave as an accommodation, such a decision is only properly the subject of a failure-to-accommodate claim. *See Sambrano v. United Airlines, Inc.*, No. 4:21-cv-1074-P, 2023 WL 8721437, at *8–9 (N.D. Tex. Dec. 18, 2023) (so holding with respect to unpaid leave provided as an accommodation).

This claim is also insufficiently pleaded. A retaliation claim under Title VII requires allegations that "(1) the employee engaged in a protected activity, (2) [the employee]

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

suffered an adverse employment action, and (3) there was a causal link between the protected activity and the adverse employment action." *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1093–94 (9th Cir. 2008). Plaintiffs' claim fails on the first and third element.

First, Plaintiffs' alleged protected activity does not meet the plain language of the relevant statutes. Plaintiffs do not allege that their protected activity was opposing unlawful employment practices, but instead was their "invocation of their rights under Title VII and ORS 659A.030." *Compare* 42 U.S.C. § 2000e-3(a) and ORS 659A.030(1)(f) *with* Am. Compl. ¶ 89-3. "Protected activity includes the filing of a charge or a complaint, or providing testimony regarding an employer's alleged unlawful practices, as well as engaging in other activity intended to 'oppose[]' an employer's discriminatory practices." *Raad v. Fairbanks N. Star Borough Sch. Dist.*, 323 F.3d 1185, 1197 (9th Cir. 2003), *opinion amended on denial of reh'g,* No. 00-35999, 2003 WL 21027351 (9th Cir. May 8, 2003); *see also* OAR 839-005-0125(2)(a)(A-B) (defining protected activity under Oregon law). Requesting religious accommodation, without more, is not protected activity. *See, e.g.*, *Payne v. Salazar*, 899 F. Supp. 2d 42, 52 (D.D.C. 2012) ("[A] request for leave for purposes of religious observance, standing alone, does not constitute protected activity as defined by Title VII."); *but see Sambrano*, 2023 WL 8721437, at *7 (noting cases following contrary EEOC guidance).

Additionally, Plaintiffs have failed to plausibly allege causation. Plaintiffs do not allege that PeaceHealth terminated their employment apart from the accommodation process. As Plaintiffs allege, PeaceHealth created an accommodation process before any plaintiff requested an exception from PeaceHealth's vaccination requirement. Am. Compl. ¶ 4. It is not plausible that the outcome of that accommodation process was retaliation for submitting requests for accommodation. *See Sambrano*, 2023 WL 8721437, at *9 (finding a lack of causal connection between accommodation requests and the accommodation process that

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

preexisted them). Plaintiffs have merely re-characterized a failure-to-accommodate claim, not asserted a separate retaliation theory.

In sum, Plaintiffs' retaliation claim alleges nothing more than participation in an accommodation process and their dissatisfaction with the outcome. Plaintiffs do not allege any adverse action other than the unpaid leave and termination of such unpaid leave that is already at issue in the failure-to-accommodate claim. A retaliation claim based on participation in an interactive process cannot rest on the outcome of that process alone. As in *Sambrano*, "Plaintiffs cry retaliation for [PeaceHealth]'s supposed failure to reasonably accommodate." *Sambrano*, 2023 WL 8721437, at *9. This Court should similarly decline to "to erode the difference between these claims." *Id.*

> d.      *No separate claim for "company-wide discriminatory pattern or practice" exists.*

In Paragraphs 82-5 and 89-5 of the Amended Complaint, Plaintiffs allege a "company-wide" "discriminatory pattern or practice in violation of" Oregon law and Title VII of the Civil Rights Act. This is nothing more than a recapitulation of their allegations about the accommodation process. This theory is not a separate claim for relief. Conduct does not become independently wrongful because it is widespread—either PeaceHealth met its religious accommodation obligations, or it did not. To the extent any individual Plaintiff can plausibly allege another theory of disparate treatment, disparate impact, or retaliation, those claims *could* be viable regardless of how widespread the practices in question were. Nor do the alleged actions of "other regional employers" have any bearing on the claims that Plaintiffs assert against *PeaceHealth*. Plaintiffs' attempt to reconstitute the same failure to accommodate under a creative theory adds nothing of legal substance.

DEFENDANT'S MOTION FOR PARTIAL DISMISSAL OF PLAINTIFFS' FIRST AMENDED CONSOLIDATED COMPLAINT FOR DAMAGES

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

129564\283427\TPA\45357623.2

> e. *Plaintiffs have not plausibly alleged a hostile work environment claim.*

Finally, in Paragraphs 82-5 and 89-5 of the Amended Complaint, Plaintiffs appear to assert a hostile work environment claim under ORS 659A.030 and Title VII. Specifically, they allege that:

> [PeaceHealth]'s staff and employees created a hostile work environment for the Plaintiffs who had a religious exemption to the vaccine mandate by making threatening and hostile statements which made the Plaintiffs feel intimidated, harassed, and humiliated on account of their sincere religious beliefs in opposition to the COVID-19 vaccine.

Am. Compl., ¶ 82-5. Some of them also make a few individualized assertions about remarks made about individuals who were not vaccinated. *Id.* ¶¶ 55, 59, 71, 93, 94. However, even those allegations are too vague and conclusory to survive a motion to dismiss under Rule 12(b)(6).

Title VII and ORS 659A.030 make it unlawful for an employer to tolerate anti-religious workplace behavior that unreasonably interferes with an employee's performance of job duties or otherwise creates an intimidating, hostile, or offensive working environment. *Mills v. PeaceHealth*, 31 F. Supp. 3d 1099, 1115 (D. Or. 2014) (quoting *Vasquez v. Cnty. of L.A.*, 349 F.3d 634, 642 (9th Cir. 2003)). "A hostile work environment [theory] exists under both Title VII and Oregon law." *Jernigan v. Alderwoods Grp., Inc.*, 489 F. Supp. 2d 1180, 1192 (D. Or. 2007) (applying the same prima facie standard under state and federal law).

To establish a prima facie case for hostile work environment based on religion, each Plaintiff must plausibly show that: (1) "[they were] subjected to verbal or physical conduct of a harassing nature [based on their religion]," (2) "this conduct was unwelcome," and (3) "the conduct was sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Bartholomew v. Washington*, 2023 WL 6471627, at *6 (W.D. Wash. Sept. 21, 2023) (quoting *Kortan v. Cal. Youth Auth.*, 217 F.3d 1104, 1110 (9th Cir. 2000)). There are no allegations in the Amended Complaint that would establish a prima facie case. Plaintiffs have not alleged facts to show conduct—let

Page 17 -     DEFENDANT'S MOTION FOR PARTIAL DISMISSAL OF PLAINTIFFS' FIRST AMENDED CONSOLIDATED COMPLAINT FOR DAMAGES

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

129564\283427\TPA\45357623.2

alone severe or pervasive conduct—that contributed to an allegedly abusive work environment based on their religion.

Moreover, even if the Court could reasonably infer minimally sufficient allegations of hostility from the Amended Complaint (it cannot), those comments are insufficient to establish a claim for *religious* harassment. Plaintiffs' only specific allegations about alleged harassment relate to vaccination status, not religious beliefs. As Judge Simon recently held, alleged treatment based on unvaccinated status alone is insufficient to show a religious-based conduct to support a hostile work environment claim. *Brown v. NW Permanente, P.C.*, No. 3:22-cv-986-SI, 2023 WL 6147178, at *6 (D. Or. Sept. 20, 2023) ("Plaintiffs allege no connection between the comments about unvaccinated people and their religion. To remain unvaccinated may be a secular choice, and unvaccinated status alone does not establish any connotation of religious affiliation. . . . Thus, Plaintiffs' theory of a hostile work environment fails on its face, and the Court dismisses this portion of the Complaint."); *see also Estate of Caviness v. Atlas Air, Inc.*, 2023 WL 6802950, at *6 (S.D. Fla. Sept. 20, 2023) (same).

Further, to the extent the harassment claim is based on PeaceHealth's vaccination policies, it still fails. An employer's compliance with statewide vaccine mandates, including the applicable procedures for granting religious exceptions, is not a substitution for a showing of severe or pervasive harassing conduct. *See, e.g.*, *Bartholomew*, 2023 WL 6471627, at *6–7 (granting motion to dismiss where employee did not allege that he was subjected to verbal or physical conduct of a harassing nature based on his religion, and general agency opposition towards religious exceptions to vaccine requirement could not support claim); *Leake v. Raytheon Techs. Corp.*, 2023 WL 2242857, at *5 (D. Ariz. Feb. 27, 2023) ("Plaintiffs' allegation that a hostile work environment was created through the requirement that vaccination-exempt employees wear facial protection and submit to weekly COVID-19 testing for a virus that has claimed the lives of over one million Americans, and

Page 18 -    DEFENDANT'S MOTION FOR PARTIAL DISMISSAL OF
PLAINTIFFS' FIRST AMENDED CONSOLIDATED COMPLAINT
FOR DAMAGES

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

129564\283427\TPA\45357623.2

counting, is shocking to the Court."). Accordingly, Plaintiffs' hostile work environment

claim fails and should be dismissed with prejudice.

## IV.    PEACEHEALTH'S MOTION TO DISMISS AND STRIKE PLAINTIFFS' THIRD CLAIM FOR RELIEF

PeaceHealth intended to move to strike and dismiss Plaintiffs' Third Claim for Relief, for

invasion of privacy or public disclosure of private facts (hereafter, "Invasion of Privacy Claim"),

under Oregon's Anti-SLAPP statute, ORS 31.150, and under Federal Rule of Civil Procedure

12(b)(6). During telephone conferral, Paul Janzen, another attorney in Plaintiffs' counsel's

office, represented to PeaceHealth's counsel that Plaintiffs agreed to dismiss their Invasion of

Privacy Claim. Riggs Decl. ¶ 4. Accordingly, the Court should dismiss and strike from the

Amended Complaint all Plaintiffs' Invasion of Privacy Claim based on Plaintiffs' stipulation to

dismissal. Moreover, such dismissal should be with prejudice, and PeaceHealth requests that

Plaintiffs be required to file a Second Amended Complaint removing that claim from the

pleading, to avoid prejudice to PeaceHealth, including if Plaintiffs were to later attempt to revive

or reassert the claim after the deadline for PeaceHealth to file an Anti-SLAPP special motion to

strike has passed. *See* ORS 31.152.

Alternatively, out of an abundance of caution in the event Plaintiffs attempt to rescind

their agreement to dismissal of this claim and to preserve a timely motion under ORS 31.150,

PeaceHealth moves to strike and dismiss Plaintiffs' Invasion of Privacy Claim as follows[6]:

Plaintiffs' Invasion of Privacy Claim is squarely within the scope of the Anti-SLAPP

statute, because the alleged conduction—providing vaccination stickers to vaccinated employees

during a public health emergency—qualifies as protected speech on a matter of public concern

---

[6] PeaceHealth has a good faith basis for including the remainder of this motion notwithstanding Plaintiffs' counsel's agreement in conferral, based on prior conferral interactions as articulated in the Declaration of Kelly S. Riggs filed herewith. Riggs Decl. ¶ 5. PeaceHealth recognizes that the Court need not address the remainder of this motion if Plaintiffs confirm in their Response brief that they stipulate to dismissal with prejudice.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

and Plaintiffs cannot show a probability of success on the merits. The Court should therefore dismiss the Invasion of Privacy Claim and award PeaceHealth its reasonable attorney fees and costs incurred in relation to this motion.

A.    **Legal standard**

Oregon's Anti-SLAPP statute, ORS 31.150, "provides a mechanism for a defendant to move to strike certain nonmeritorious claims predicated on speech and petitioning activity potentially entitled to constitutional protection." *Tokarski v. Wildfang*, 313 Or. App. 19, 21, 496 P.3d 22 (2021). It is well-established that state Anti-SLAPP statutes apply to state-law claims before federal courts. *Holt v. Urb. League of Portland, Inc.*, No. 3:22-cv-00837-YY, 2023 WL 7017838, at *3 n.5 (D. Or. Sept. 28, 2023), *report and recommendation adopted,* No. 3:22-cv-00837-YY, 2024 WL 52990 (D. Or. Jan. 4, 2024) (citing *Hilton v. Hallmark Cards*, 599 F.3d 894, 900 (9th Cir. 2010)). The threshold question in a special motion to strike is whether a claim arises out of specified protected speech or petitioning activities, enumerated in ORS 31.150(1). *Conroy v. Clark*, No. 3:20-cv-00366-SB, 2020 WL 6731724, at *1 (D. Or. Oct. 29, 2020), *report and recommendation adopted,* No. 3:20-cv-366-SB, 2020 WL 6710564 (D. Or. Nov. 16, 2020), and *report and recommendation adopted as modified,* No. 3:20-cv-366-SB, 2020 WL 7406542 (D. Or. Dec. 17, 2020). The moving defendant bears the burden of establishing that a claim arises from conduct within the scope of the Anti-SLAPP statute. *Id.*

If the moving defendant meets its burden to show that the claim arises from protected conduct, the plaintiff(s) then bear the burden of "establish[ing] that there is a probability that [they] will prevail on the claim by presenting substantial evidence to support a prima facie case." ORS 31.150(4). If the plaintiff(s) do not carry this burden, the court must "enter a judgment of dismissal without prejudice." ORS 31.150(1). The court must also award a prevailing moving defendant reasonable attorney fees and costs. ORS 31.152(3). Denial of a special motion to strike

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

is not admissible at later stages in the case, and does not affect the burdens or standards of proof applied in the proceeding. ORS 31.150(5).

Federal courts apply a tiered approach, depending on the nature of the defendant's challenge. A challenge to the legal sufficiency of a complaint "must be treated in the same manner as a motion under Rule 12(b)(6) except that the attorney's fee provision of [the Anti-SLAPP statute] applies." *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 834 (9th Cir. 2018), *amended,* 897 F.3d 1224 (9th Cir. 2018) (quoting *Rogers v. Home Shopping Network, Inc.*, 57 F. Supp. 2d 973, 983 (C.D. Cal. 1999)) (applying California's Anti-SLAPP statute); *see also Conroy*, 2020 WL 6731724, at *2 (applying the *Planned Parenthood* tiered approach under Oregon's Anti-SLAPP statute). A factual challenge to a claim is subject to the same standards as a motion for summary judgment under Rule 56. *Id.*

## B.  Plaintiffs' Invasion of Privacy Claim Should Be Dismissed under the Anti-SLAPP Statute

Plaintiffs' Invasion of Privacy Claim is squarely within the scope of the Anti-SLAPP statute. First, for the reasons explained below, the alleged conduct was either symbolic or written speech. Second, the speech addressed a topic of public concern—vaccination as a public-health response during the COVID-19 pandemic. Finally, Plaintiffs cannot show a probability of success because their claims are fundamentally flawed.

### 1.  Plaintiffs' allegations arise out of symbolic speech on an issue of public concern

Plaintiffs' Invasion of Privacy allegations against PeaceHealth assert a claim within the scope of ORS 31.150(2)(d). A special motion to strike arises when, *inter alia*, a claim arises out of "conduct in furtherance of the exercise of . . . the constitutional right of free speech . . . in connection with a public issue or an issue of public interest." ORS 31.150(2)(d). Courts analyze the scope of this statute by looking to First-Amendment jurisprudence and the common-sense meaning of "issue of public interest." *See Neumann v. Liles*, 295 Or. App. 340, 345 (2018). The alleged conduct—providing stickers for staff to show that they received a COVID-19 vaccine

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

and encouraging wearing such stickers—falls within this scope because it is (1) expressive conduct and (2) addresses vaccination as a public-health measure, a matter of public interest.

PeaceHealth's alleged sticker distribution is an exercise of protected free speech. Protected freedom of expression includes communication "by conduct that is intended to be communicative and that, in context, would reasonably be understood by the viewer to be communicative." *United States v. Swisher*, 811 F.3d 299, 311 (9th Cir. 2016). Corporations, such as PeaceHealth, have First-Amendment rights. *Citizens United v. Fed. Election Comm'n*, 558 U.S. 310, 355, 130 S. Ct. 876, 175 L. Ed. 2d 753 (2010). Here, in the context of a public-health emergency and a public discussion about vaccination, PeaceHealth's distribution of stickers to celebrate and promote vaccination as a public-health measure is, in context, expressive conduct. Indeed, Plaintiffs' claim relies on the stickers as communicating a message about vaccination. *See* ¶ 93. Similarly, to the extent Plaintiffs seek to attribute any alleged social-media postings of other PeaceHealth employees to PeaceHealth, that conduct would also constitute speech. *See Hernandez v. City of Phoenix*, 43 F.4th 966, 976 (9th Cir. 2022) (social media posts and memes were speech for First-Amendment purposes).

Moreover, the topic of PeaceHealth's alleged speech—promoting vaccination as a public-health measure during a global pandemic—is a matter of public concern. Courts consider the "content, form, and context" of speech in determining whether it is a matter of public concern. *See, e.g.*, *Neumann v. Liles*, 358 Or. 706, 720 (2016) (citing *Dun & Bradstreet, Inc. v. Greenmoss Builders*, 472 U.S. 749, 761, 105 S. Ct. 2939, 86 L. Ed. 2d 593 (1985)). Applying this holistic standard, the *Neumann* court held that an online review about a wedding venue addressed a matter of public concern because it was publicly available and "related to matters of general interest to the public." *Id.* Here, PeaceHealth's speech addressed what Plaintiffs acknowledge is one "of the most paramount issues in our culture today: the COVID-19 pandemic and institutional response to it." ECF 11 at 2. In sum, Plaintiffs' Invasion of Privacy Claim arises

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

out of conduct in furtherance of the right of free speech on a matter of public concern, satisfying the threshold requirement of a special motion to strike.

2.    <u>Plaintiffs' Invasion of Privacy Claim fails as a matter of law</u>

Plaintiffs cannot carry their burden to establish a probability of prevailing on their claim under ORS 31.150(3) because their Invasion of Privacy claim fails as a matter of law. Where, as here, a special motion to strike challenges the legal sufficiency of a claim, the standard applied is the same as under Rule 12(b)(6). *Conroy*, 2020 WL 6731724, at *2. Plaintiffs' claim fails under that standard for at least two independently sufficient reasons: (a) the claim is facially time-barred, and (b) Plaintiffs have not pleaded all elements of their claim. Plaintiffs' claim is subject to a two-year statute of limitations. *See Tollefson v. Price*, 247 Or. 398, 401 (1967) (invasion of privacy is a tort); ORS 12.110 (limitations period for tort claims is two years).

a.    *The claim is time-barred.*

Plaintiffs allege conduct that occurred while they were working in person at PeaceHealth facilities. Am. Compl. ¶ 93. Each of the Plaintiffs allege they stopped working in person at a PeaceHealth facility no later than October 1, 2021, and in most cases earlier. *Id.* ¶¶ 8, 11, 14, 17, 20, 23, 26, 29, 34, 37, 40, 42, 45, 48, 51, 54, 58–59, 62, 67, 70. Thus, the accrual date of the Invasion of Privacy Claim could not be later than October 1, 2021.

The original three Plaintiffs filed the initial Complaint in this action on November 20, 2023, already more than two years after the alleged conduct. ECF 1. Moreover, the Plaintiffs did not file the Amended Complaint in which they first assert the Invasion of Privacy Claim, until another four months later, on March 1, 2024. ECF 12. Even if this new claim otherwise related back to the initiation of this lawsuit—which it does not—the initiation of this lawsuit was already outside of the statute of limitations. Thus, the Court need look no further than the dates of alleged injury and date of filing to dismiss this claim.

Page 23 -    DEFENDANT'S MOTION FOR PARTIAL DISMISSAL OF
PLAINTIFFS' FIRST AMENDED CONSOLIDATED COMPLAINT
FOR DAMAGES

129564\283427\TPA\45357623.2

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

b.    *The claim is insufficiently pleaded.*

Further, even if this claim were arguably timely—and it is not—Plaintiffs' allegations still fail as a matter of law. Plaintiffs allege three elements of the tort of invasion of privacy, but do not allege the fourth necessary element—that the alleged conduct "be 'wrongful' in some respect apart from inflicting emotional distress on the plaintiff." *Marleau v. Truck Ins. Exch.*, 333 Or. 82, 93 (2001) (citing *Anderson v. Fisher Broadcasting Companies, Inc.*, 300 Or. 452, 469 (1986)). "In addition, a plaintiff must establish that the defendant had a duty not to reveal private or confidential information." *Biggs v. City of St. Paul*, No. 6:18-cv-00506-MK, 2020 WL 2744092, at *13 (D. Or. May 5, 2020), *report and recommendation adopted*, No. 6:18-cv-00506-MK, 2020 WL 2735602 (D. Or. May 26, 2020). Plaintiffs' Amended Complaint does not even attempt to allege that element. Moreover, the alleged course of conduct—that PeaceHealth made Plaintiffs' unvaccinated status apparent by encouraging vaccinated staff to wear a sticker—involves no potential wrongful purpose or manner. Plaintiffs do not plausibly allege that PeaceHealth intended to disclose anything about the Plaintiffs that it had a duty not to reveal.

In sum, Plaintiffs' Invasion of Privacy claim is fatally flawed and time-barred. As it is Plaintiffs' burden to establish a probability of success on the merits, PeaceHealth reserves the right to raise arguments outside of the scope of this motion in its reply.

3.    <u>Alternatively, Plaintiffs' Invasion of Privacy Claim should be dismissed under Rule 12(b)(6)</u>

Finally, even if the Court concludes that Plaintiffs' Invasion of Privacy Claim is not within the scope of the Anti-SLAPP statute and does not dismiss it on that basis, the Court should nonetheless dismiss that claim as insufficient under Rule 12(b)(6).[7] As explained in more detail above, this claim is both time-barred and insufficiently pleaded.

---

[7] Where a defendant simultaneously files a motion to dismiss and a special motion to strike, "the motion to strike should be decided whether a motion to dismiss is granted or not." *Future Ads LLC v. Gillman*, No. SACV 13-905-DOC (JPRx), 2013 WL 12306479, at *2 (C.D.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

## V.    <u>**CONCLUSION**</u>

For the reasons set forth above, PeaceHealth respectfully requests that the Court grant PeaceHealth's Rule 12 Motion for Partial Dismissal and Motion to Dismiss and Strike Plaintiffs' Third Claim for Relief, in their entireties and award PeaceHealth its attorney fees and costs incurred in bringing this motion.

Dated this 29th day of March, 2024.

Respectfully submitted,

SCHWABE, WILLIAMSON & WYATT, P.C.

By:    <u>s/ Kelly S. Riggs</u>
Kelly S. Riggs, OSB #094862
Email: kriggs@schwabe.com
Matthew Singer, OSB #055090
Email: msinger@schwabe.com
Thomas J. Payne, OSB #165168
Email: tpayne@schwabe.com
Telephone: 503-222-9981
Facsimile: 503-796-2900

Of Attorneys for Defendant

---

Cal. Dec. 23, 2013).

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 29th day of March, 2024, I caused to be served the foregoing

**DEFENDANT'S MOTION FOR PARTIAL DISMISSAL OF PLAINTIFFS' FIRST**

**AMENDED CONSOLIDATED COMPLAINT FOR DAMAGES** on the following party at

the following address:

> Caroline Janzen
> Janzen Legal Services, LLC
> 4550 SW Hall Boulevard
> Beaverton, OR 97005
> Facsimile: 503-479-7999
> Email: caroline@ruggedlaw.com
>
> Of Attorneys for Plaintiffs

by:

☐ U.S. Postal Service, ordinary first class mail
☐ U.S. Postal Service, certified or registered mail,
☐ return receipt requested
☐ hand delivery
☐ facsimile
☒ electronic service
☐ other (specify) _____

> s/ Kelly S. Riggs
> _____
> Kelly S. Riggs, OSB #094862

Page 1 -     CERTIFICATE OF SERVICE

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

129564\283427\TPA\45357623.2