Caroline Janzen, OSB #176233
caroline@ruggedlaw.com
Paul Janzen, OSB#176240
paul@ruggedlaw.com
503-520-9900
RUGGED LAW, INC.
4550 SW Hall Blvd
Beaverton, OR 97005
Attorney for Plaintiffs

IN THE FEDERAL DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| SARAH PICKENS, an Individual,<br>JAMIE RICH, an Individual,<br>TIANNA SCHAEFFER, an Individual,<br>BRYTTNEE BAUER, an Individual,<br>MARIE HUTCHINSON, an Individual,<br>CAMERON JOHNSON, an Individual,<br>COREY KIYABU, an Individual,<br>ELI LAURITZEN, an Individual,<br>CYNTHIA LOESCH, an Individual,<br>JENNIFER MAYER, an Individual,<br>CAYLIN SISLER, an Individual,<br>NAN VANSANDT, an Individual,<br>CHRISTINA WILLIAMS, an Individual,<br>LENA ABBOTT, an Individual,<br>CONNIE CIRCLE, an Individual,<br>M'KYA DOUGLAS, an Individual,<br>ANDREA HARGIS, an Individual,<br>DANA HINMAN, an Individual,<br>DAYMON SMITH, an Individual,<br>MICHELLE WHITE, an Individual,<br>CYNTHIA FULLERTON, an Individual,<br>PATIENCE KNOWLES, an Individual,<br>CRYSTAL SHEFFIELD, an Individual,<br>TAMI THOMPSON, an Individual,<br><br>                      Plaintiffs,<br><br>    v.<br><br>PEACEHEALTH, a corporation,<br><br>                      Defendant. | Case No. 6:23-cv-01718-MK<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANT'S OBJECTIONS TO FINDINGS AND RECOMMENDATION [DOC. 27]** |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S**
**OBJECTIONS TO FINDINGS AND RECOMMENDATION [DOC. 27]**

COME NOW, Plaintiffs, and respectfully provide this Response to the Defendant's Objections to the Magistrate Judge's Findings and Recommendation. As explained in greater detail below, the Defendant's Objections are without merit and should be rejected.

## I.   INTRODUCTION.

The Magistrate Court appropriately recommended denying the Defendant's Motion to Dismiss as to the failure-to-accommodate religious discrimination claims for seven Plaintiffs and for denying the Motion to Dismiss to the Plaintiffs' disparate impact claims. In its Objections, the Defendant raises no new arguments from its Motion and Reply, and make no showing that the Magistrate Judge misapplied the law. In fact, different jurists in this District have ruled in different ways on these issues, but the more recent, prevailing, and persuasive opinions have found that Plaintiffs such as the Plaintiffs in this case have sufficiently pleaded facts to make a prima facie case of failure-to-accommodate discrimination and disparate impact under Title VII and Oregon law.

## II.   LEGAL ARGUMENT.

### A. *Failure to Accommodate Claims.*

The Defendant attacks the Magistrate Judge's findings and recommendation regarding the "failure to accommodate" claims for seven of the Plaintiffs (the "Seven Plaintiffs"). The crux of the Defendant's Objections is identical to its rejected arguments from its Motion to Dismiss briefing: that the Seven Plaintiffs' claims against it should be dismissed because they failed to plead facts sufficient to show that they had religious beliefs that conflicted with the Defendant's

Page 2 –PLAINTIFFS' RESPONSE TO DEFENDANT'S
OBJECTIONS TO F&R [DOC. 27]

Rugged Law, Inc.
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

vaccination policy and that any claims dismissed should be with prejudice. In doing so, the Defendant proposes an unworkable standard under Title VII that would eviscerate the protections offered by the Civil Rights Act and, in fact, undermine the very foundations of Title VII. Accordingly, the Magistrate Judge appropriately rejected the Defendant's arguments in his Findings and Recommendation.

Contrary to the Defendant's argument, many cases in this District have been decided in a manner consistent with the Magistrate Judge in this matter. For example, in a recent case from this Court, a plaintiff stated that "as a Christian, my body is a temple and it is my God give [*sic*] responsibility and requirement to protect the physical integrity of my body." *Quinn v. Legacy Health*, 3:23-CV-00331-JR, 2024 WL 620344, at *2 (D. Or. Feb. 13, 2024). This Court denied defendant's motion to dismiss plaintiffs' failure to accommodate claim and held that the plaintiffs "[met] the minimal standard for pleading a sincere religious belief that conflicts with an employment requirement." *Id*. The Court further noted that "[a]lthough the development of the factual record may later illuminate in greater detail [the plaintiffs'] religious convictions and their relationship, if any, to the requirement to receive the COVID-19 vaccine, at this stage in the proceedings the minimal pleadings are sufficient to state a claim." *Id*.

Similarly, in another case, this Court fully adopted the Findings and Recommendation of the Magistrate Judge, which stated that "all of the Thirteen Plaintiffs have asserted that their faith motivated them to object to the vaccine, and that they informed [the defendant] of their religious conflict." *Thompson v. Asante Health Sys.*, 1:23-cv-00486-CL, at *6 (D. Or. Nov. 7, 2023). As a result, the defendant's motion to dismiss regarding those plaintiffs was denied. *Id*. Here are individual statements made by some of the thirteen plaintiffs:

- "My prayers and reflection convict me to abide by faith and conscience to protect my body, mind, and soul... I have firm convictions that this vaccine is not in God's will for me." *Id*.

- "Taking this vaccination goes against my core beliefs as a Christian." *Id*.

- "My body is considered a temple of the Holy Spirit, and I have a duty to preserve its physical integrity against anything I believe to be harmful." *Id*.

- "[W]e are currently in the end times, my allegiance being solely to God, and a firm conviction that taking the vaccine is not aligned with God's will for me." *Id*.

In another case, this Court determined that three out of six plaintiffs "sufficiently allege[d] a conflict between their sincerely held religious beliefs and receiving the vaccine." *Kather v. Asante Health Sys.*, 1:22-cv-01842-MC, at *9 (D. Or. July 28, 2023). Despite being granted religious exemptions by defendant, two of the three plaintiffs were placed on unpaid leave before ultimately facing termination. *Id*. at 3. The Court concluded that one plaintiff met the minimal requirement to allege a conflict between religious beliefs and employment obligations during the pleading stage "[d]espite not articulating her religious conflict with great clarity and precision." *Id*. Notably, that plaintiff claimed that "'Satan is at work with the whole forceful COVID-19 mandate' and that she has the 'God-given right to refuse a vaccination that goes against everything [she] believe[s] in.'" *Id*.

The Defendant continues to argue that the Seven Plaintiffs' are "isolated moral teachings" rather than choices resulting from a comprehensive belief system as required to state a claim. [Doc. 27 at 8]. But, as the Magistrate Judge correctly found, each of the Seven Plaintiffs allege that their conflict arises out of a religious belief. Moreover, the Seven Plaintiffs allege that their conflict with the vaccine mandate arises from a specific religious teachings. *See* Am. Compl. ¶¶ 17, 23, 29,

42, 54, 58, 62. As the Magistrate Judge found, the Seven Plaintiffs' allegations are sufficient at the pleading stage.

Courts have adopted different tests to assess how employers may evaluate religious exemption requests, but caution against excessive intrusion. Indeed, very recent case law demonstrates a jurisprudential shift toward embracing greater religious liberty, rather than constraining it. For example, a recent Eight Circuit decision grappled with these issues in *Ringhofer v. Mayo Clinic, Ambulance*, No. 23-2994 (8th Cir. May 24, 2024), where the Eight Circuit overturned a district court's finding that the plaintiffs had failed to articulate sincere religious beliefs that conflicted with the vaccine, as well as with weekly COVID testing. In reversing the district court's granting of the defendant's motion to dismiss, the Eighth Circuit held:

> The district court did not "consider the complaint as a whole," instead focusing on specific parts of the complaints to rule the anti-vaccine beliefs "personal" or "medical." *See Warmington*, 998 F.3d at 795-96. As EEOC Guidance says, "overlap between a religious and political view does not place it outside the scope of Title Vil's religious protections, as long as the view is part of a comprehensive religious belief system." EEOC Compliance Manual § 12-I(A)(1) (Jan. 15, 2021)… As discussed, beliefs do not have to be uniform across all members of a religion or "acceptable, logical, consistent, or comprehensible to others." *Thomas*, 450 U.S. at 714. By connecting their objection to testing to specific religious principles (Rubin's belief that "her body is a temple" and Ihde's belief that testing in this case may be "the equivalent of committing idolatry"), they have satisfied their burden at this stage. All plaintiffs adequately pled a conflict between their Christian religious beliefs and Mayo Clinic's Covid-19 policy.

*Ringhofer v. Mayo Clinic, Ambulance*, No. 23-2994, at *9-10 (8th Cir. May 24, 2024).

Two other recent cases underscore this trend: *Does 1-11 v. Board of Regents of University of Colorado*, 100 F.4th 1251 (10th Cir. 2024) and *Rainey v. Westminster Pub. Schs.*, Civil Action 22-cv-03166-RMR-KAS (D. Colo. Jul. 7, 2024). A close reading of both cases shows courts are

loathe to allow much more than employer asking "yes" or "no" questions about an employee's religious beliefs. As the Colorado District Court explained:

> The Tenth Circuit stated that the defendant could have asked "*whether* an applicant had a sincerely-held religious belief prohibiting her from receiving the COVID-19 vaccine," but instead impermissibly "asked *why* the applicant held her religious beliefs," before denying or granting "exemptions on a case-by-case basis."…The Circuit warned that the defendants' "inquiries into the sincerity of the Does' religious beliefs were precisely the sort of 'trolling through a person's . . . religious beliefs' for which this Court and the Supreme Court have repeatedly admonished state actors." In addressing the partial dissent's opinion, the majority concluded: [T]he [defendant] was entitled to ask applicants whether they opposed being vaccinated for religious reasons, rather than secular ones. But an employee could answer that question with little more than "yes" or "no." The why sought by the [defendant], and endorsed by the partial dissent, transgressed all boundaries set by the Religion Clauses. The [defendant] was not entitled to demand a further explanation about the mechanics of employees' religious doctrines, or to ask employees to detail why their religious beliefs proscribe receipt of a COVID-19 vaccine, or to require employees to justify the differences between their past religious views on other vaccines and their current religious views on COVID-19 vaccines. But that is precisely what the [defendant] did. The partial dissent would permit such intrusive inquiries under the guise of "determin[ing] whether the applicant's religious belief underlying the exemption request was sincerely held.

*Rainey v. Westminster Pub. Schs.*, Civil Action 22-cv-03166-RMR-KAS, 13-16 (D. Colo. Jul. 7, 2024).

These very recent cases are harbingers for how the Ninth Circuit will decide these issues, particularly in light of our Circuit's ruling in *Keene v. City of San Francisco*, No. 22-16567, at *5-6 (9th Cir., May 15, 2023) (citing to *Thomas v. Review Bd.*, 450 U.S. 707, 714 (1981) ("[T]he resolution of [whether a belief is religious] is not to turn upon a judicial perception of the particular belief or practice in question; religious beliefs need not be acceptable, logical, consistent, or comprehensible to others in order to merit First Amendment protection.") and *Doe v. San Diego Unified Sch. Dist.*, 19 F.4th 1173, 1176 n.3 (9th Cir. 2021) ("We may not . . . question the legitimacy of [Appellants'] religious beliefs regarding COVID-19 vaccinations." (citing *Masterpiece Cakeshop, Ltd. v. Colo. Civil Rights Comm'n*, 138 S.Ct. 1719, 1731 (2018)), recons.

en banc denied, 22 F.4th 1099 (9th Cir. 2022). The Defendant erroneously believes Title VII should be interpreted in a far more restrictive manner than is allowed under the statute and persuasive case law. If employers can become a theological commission to decide on which beliefs are religious and which beliefs are political, philosophical, or scientific, then some religious beliefs will be favored over others. This interpretation of Title VII would undermine its very purpose of protecting religious liberty. The Defendant's arguments to the contrary are without merits and should be rejected by this Court.

### B. *Disparate Impact.*

Plaintiffs have properly pled their disparate impact claims. As the Magistrate Court found, "Defendant provides no case law in support of its general assertion that Plaintiffs may not proceed on multiple religious discrimination theories premised on the same set of facts. Parties regularly proceed on alternate theories, including in the context of Title VII claims, and Defendant provides no legal support for its argument that the other claims are not independently viable simply because they also allege a failure to accommodate. The Court therefore turns to whether Plaintiffs have alleged facts sufficient to state a claim under each of their alternative theories." [Doc. 25 at 7].

"To plead a prima facie case of disparate impact [under Title VII], a plaintiff must '(1) show a significant disparate impact on a protected class or group; (2) identify the specific employment practices or selection criteria at issue; and (3) show a causal relationship between the challenged practices or criteria and the disparate impact.'" *Bolden-Hardge*, 63 F.4th at 1227 (quoting *Hemmings v. Tidyman's Inc.*, 285 F.3d 1174, 1190 (9th Cir. 2002)). The termination of employees who are Christian believers and object to taking the COVID-19 vaccine, irrespective of the approval status of their religious exception form, presents a clear case of disparate impact

discrimination. By implementing a policy that results in the placement of individuals from this protected class on unpaid leave followed by termination, Defendant has created a significant disparate impact on Christian employees. This disparate impact is evident in the disproportionate adverse effects experienced by Christian believers compared to other employees who may not share the same religious objections. The pattern of adverse actions targeting individuals based on their religious beliefs underscores the discriminatory nature of Defendant's actions. The Defendant's argument to the contrary must be rejected.

### III.   CONCLUSION.

For the reasons stated above, Plaintiffs respectfully request this Court adopt the Magistrate Judge's Findings and Recommendation and reject the Defendant's Objections.

DATED this 15th day of August, 2024.

Respectfully submitted:

/s/ Paul Janzen
Paul Janzen, OSB#176240
paul@ruggedlaw.com
Caroline Janzen, OSB #176233
caroline@ruggedlaw.com
Rugged Law, Inc.
4550 SW Hall Blvd
Beaverton, OR 97005
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that I served the **Plaintiffs' Response** on all counsel of record via the Court's CM/ECF filing system on the 15th day of August, 2024.

/s/Paul Janzen