UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

SARAH PICKENS, an Individual,
JAMIE RICH, an Individual,
TIANNA SCHAEFFER, an Individual,
BRYTTNEE BAUER, an Individual,
MARIE HUTCHINSON, an Individual,
CAMERON JOHNSON, an Individual,
COREY KIYABU, an Individual,
ELI LAURITZEN, an Individual,
CYNTHIA LOESCH, an Individual,
JENNIFER MAYER, an Individual,
CAYLIN SISLER, an Individual,
NAN VANSANDT, an Individual,
CHRISTINA WILLIAMS, an Individual,
LENA ABBOTT, an Individual,
CONNIE CIRCLE, an Individual,
M'KYA DOUGLAS, an Individual,
ANDREA HARGIS, an Individual,
DANA HINMAN, an Individual,
DAYMON SMITH, an Individual,
MICHELLE WHITE, an Individual,
CYNTHIA FULLERTON, an Individual,
PATIENCE KNOWLES, an Individual,
CRYSTAL SHEFFIELD, an Individual,
TAMI THOMPSON, an Individual,

Case No. 6:23-cv-01718-MTK

**OPINION AND ORDER**

                Plaintiffs,
  v.

PEACEHEALTH, a corporation,
                Defendant.

Page 1 — OPINION AND ORDER

**KASUBHAI**, United States District Judge:

Plaintiffs Sarah Pickens, Jamie Rich, Tianna Schaeffer, Bryttnee Bauer, Marie Hutchinson, Cameron Johnson, Corey Kiyabu, Eli Lauritzen, Cynthia Loesch, Jennifer Mayer, Caylin Sisler, Nan VanSandt, Christina Williams, Lena Abbott, Connie Circle, M'kya Douglas, Andrea Hargis, Dana Hinman, Daymon Smith, Michelle White, Cynthia Fullerton, Patience Knowles, Crystal Sheffield, and Tami Thompson (collectively, "Plaintiffs") filed this action against their former employer PeaceHealth alleging federal claims of employment discrimination. Before the Court is Defendant's Motion to Dismiss Plaintiffs' First Amended Consolidated Complaint ("Am. Compl."), ECF No. 16, pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons below, Defendant's motion is granted in part and denied in part.

## BACKGROUND

On August 4, 2021, Governor Brown announced a mandate that all health care workers must be fully vaccinated or subject to weekly COVID-19 testing. The Oregon Health Authority subsequently determined that weekly testing would not be sufficiently effective in addressing patient and coworker safety risks, and the mandate was changed to require that all health care workers be fully vaccinated. In summer 2021, Defendant "imposed a COVID-19 vaccine mandate on its employees." Am. Compl. ¶ 4, ECF No. 12. In November 2021, the U.S. Center for Medicare and Medicaid Services imposed a nationwide vaccine mandate for healthcare workers. The U.S. Supreme Court upheld the federal vaccine mandate and affirmed that the vaccine was "necessary to promote and protect patient health and safety." *Biden v. Missouri*, 595 U.S. 87, 93 (2022). Both the state and federal vaccine mandates allowed for exceptions based on religious or disability-related accommodation requests but required that such accommodations

not pose a health risk to others, primarily patients and coworkers. Defendant "permitted employees to apply for religious or medical exceptions" to its vaccine mandate. Am. Compl. ¶ 4.

Plaintiffs were each employed by Defendant in the health care field at one of Defendant's facilities. *Id*. Plaintiffs allege that they "held sincere and profound religious beliefs that prevented them from being able to take the available COVID-19 vaccines." *Id*. at ¶ 5. Each Plaintiff applied for a religious exemption from Defendant's vaccine mandate. The exemptions were granted, but Plaintiffs were placed on unpaid leave. *Id*. ¶¶ 6-72.

Plaintiffs brings claims for employment discrimination under Title VII of the Civil Rights Act and Oregon law, and a claim for Invasion of Privacy. *Id*. ¶¶ 77-95.

## STANDARD OF REVIEW

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Los Angeles Lakers, Inc. v. Fed. Ins.,* 869 F.3d 795, 800 (9th Cir. 2017). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Id.* To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). All reasonable inferences from the factual allegations must be drawn in favor of the plaintiff. *Los Angeles Lakers,* 869 F.3d 795 at 800. The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

## DISCUSSION

Defendant moves to dismiss (1) the religious accommodation claims of Plaintiffs Bauer, Johnson, Lauritzen, VanSandt, Douglas, Hargis, and Hinman ("the Seven Plaintiffs"); (2) all Plaintiffs' religious discrimination theories based on wrongful termination, wrongful reduction of pay, retaliation, discriminatory pattern or practice, and hostile work environment; and (3) Plaintiffs' invasion of privacy claim.

Plaintiffs stipulate to the dismissal of the invasion of privacy claim and that claim is therefore dismissed with prejudice. *See* Pl. Resp. 2, ECF No. 11. The Court addresses the remaining two motions below.[1]

---

[1] The Court notes the Complaint contains no allegations whatsoever as to Plaintiffs White, Fullerton, Knowles, and Sheffield. However, as Defendant did not move to dismiss their claims, and the Court declines to take the issue up *sua sponte*. In addition, Defendant's reply includes a footnote requesting that the Court exercise its discretion under Rule 21 to dismiss the Plaintiffs added in the amended complaint, citing an order from Judge McShane. *Wolfe v. Asante*, No. 1:23-cv-01671-MC, ECF 23 (D. Or. May 8, 2024) (*sua sponte* dismissing a similarly amended complaint under Rule 21). In the absence of a formal motion and briefing, however, the Court declines to address this issue.

I.    **Religious Accommodation Claims**

Defendant moves to dismiss the Seven Plaintiffs' claims that Defendant engaged in unlawful employment discrimination based on religion under Or. Rev. Stat. ("ORS") § 659A.030 and Title VII of the Civil Rights Act by failing to properly accommodate their requests for religious exemptions to the COVID-19 vaccine mandate. Specifically, Defendant asks the Court to find that the Seven Plaintiffs have not sufficiently alleged that they held religious beliefs that conflicted with their compliance with their employer's vaccine mandate.

To make out a prima facie case of religious discrimination based on a failure to accommodate a religious exemption request under Title VII or ORS 659A.030, a claimant must plead sufficient facts to show that (1) she had a bona fide religious belief that conflicted with an employment duty; (2) she informed her employer of the belief and conflict; and (3) the employer took an adverse employment action because of the claimant's inability to fulfill the job requirement. *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 606 (9th Cir. 2004); *see also Heller v. EBB Auto Co.*, 8 F.3d 1433, 1437 n.2 (9th Cir. 1993) ("Courts construe Oregon's statutory counterpart, Or. Rev. Stat. § 659.030 (1992), as identical to Title VII."). Defendant argues that the Seven Plaintiffs fail to state a claim of religious discrimination because they fail to allege the first element of such a claim—that Plaintiffs held a bona fide religious belief that conflicted with the vaccine mandate.

While courts need not "take plaintiffs' conclusory assertions of violations of their religious beliefs at face value," *Bolden-Hardge v. Off. of California State Controller*, 63 F.4th 1215, 1223 (9th Cir. 2023) (internal citation omitted), assertions "of a sincere religious belief [are] generally accepted." *Keene v. City & Cnty. of San Francisco*, No. 22-16567, 2023 WL 3451687, at *2 (9th Cir. May 15, 2023); *see also Doe v. San Diego Unified Sch. Dist.*, 19 F.4th

1173, 1176 n.3 (9th Cir. 2021) ("We may not . . . question the legitimacy of [plaintiffs'] religious beliefs regarding COVID-19 vaccinations") (citing *Masterpiece Cakeshop, Ltd. v. Colorado C.R. Comm'n*, 584 U.S. 617, 638 (2018)). Further, "religious beliefs need not be acceptable, logical, consistent, or comprehensible to others in order to merit" protection. *Thomas v. Rev. Bd. of Indiana Emp. Sec. Div.*, 450 U.S. 707, 714 (1981).

Defendants argue that the Seven Plaintiffs' beliefs "involve[] making choices on an individual basis" or are "isolated moral teachings" rather than choices resulting from a "comprehensive belief system" as required to state a claim. Def. Mot. 9. But each of these Plaintiffs allege that their conflict arises out of a religious belief. For example, six of the Seven Plaintiffs allege that their conflict with the vaccine mandate arises from a specific religious teaching. *See* Am. Compl. ¶¶ 17, 29, 42, 54, 58, 62. The final Plaintiff, Plaintiff Johnson, alleges that he holds a religious belief in "God's healing" and that "he could not put something in his body that could possibly harm him or trust in man over his faith in God." *Id*. at ¶ 23.

Taking all factual allegations in the Complaint as true and drawing all reasonable inferences from the pleadings in the light most favorable to Plaintiffs, Plaintiffs plausibly alleged religious beliefs that conflicted with an employment duty because the vaccine mandate would require them to partake in a medical intervention inconsistent with specifically identified religious beliefs. These Plaintiffs' allegations are sufficient at the pleading stage.

**II.    Other Religious Discrimination Theories**

Defendant also moves to dismiss all Plaintiffs' religious discrimination theories besides "failure to provide reasonable accommodation." Specifically, under each of Plaintiffs' two religious discrimination claims for relief (based on Title VII and parallel Oregon law), Plaintiffs assert numerous theories under which they intend to proceed: (1) wrongful termination; (2)

wrongful reduction in pay; (3) retaliation; (4) failure to provide reasonable accommodation; (5) "Company-wide, or systematic, discriminatory pattern or practice;" and (6) hostile work environment. Am. Compl. ¶¶ 82, 89. Defendants contend that all of these theories are merely "failure to accommodate" theories "by different names" which rely on the same facts and are neither independently viable nor sufficiently pled. Def. Mot. 10-11.

As an initial matter, Defendant provides no case law in support of its general assertion that Plaintiffs may not proceed on multiple religious discrimination theories premised on the same set of facts. Parties regularly proceed on alternate theories, including in the context of Title VII claims, and Defendant provides no legal support for its argument that the other claims are not independently viable simply because they also allege a failure to accommodate. The Court therefore turns to whether Plaintiffs have alleged facts sufficient to state a claim under each of their alternative theories.

### A.    Wrongful Termination

Plaintiffs' "wrongful termination" theory asserts that Defendant "violated Title VII's anti-discrimination prohibition on the basis of both disparate treatment and disparate impact" by disfavoring employees with religious objections by terminating them. Am. Compl. ¶¶ 82-1, 89-1. Thus, Plaintiffs' wrongful termination theory encompasses disparate treatment and disparate impact subtheories.

To state a claim for disparate treatment, a plaintiff must plead that "(1) [they are] a member of a protected class; (2) [they were] qualified for [their] position; (3) [they] experienced an adverse employment action; and (4) similarly situated individuals outside [their] protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination." *Peterson v. Hewlett-Packard Co.*, 358 F.3d

599, 603 (9th Cir. 2004). Defendant first contends that Plaintiffs have not adequately pled the second element, because their qualification depends on the resolution of their failure to accommodate claim. This appears to be a reformulation of Defendant's broad argument against alternative discrimination theories, which the Court has already rejected. Second, Defendant contends that Plaintiff has not pled the existence of similarly situated employees. The Court agrees. Plaintiffs' disparate treatment is dismissed because the Complaint contains no allegations of similarly situated (i.e. unvaccinated) but non-religious individuals treated more fairly or other circumstances giving rise to an inference of religious discrimination.

Turning to Plaintiffs' disparate impact subtheory, Plaintiffs must "(1) show a significant disparate impact on a protected class or group; (2) identify the specific employment practices or selection criteria at issue; and (3) show a causal relationship between the challenged practices or criteria and the disparate impact." *Bolden-Hardge v. Off. of California State Controller*, 63 F.4th 1215, 1227 (9th Cir. 2023). Here, Plaintiffs have alleged that individuals with religious objections were separated as a group to be terminated, and that Defendant's practices regarding the treatment of employees with religious objections resulted in their termination as a group. Am. Compl. ¶ 82-1. At the pleading stage, these allegations are sufficient. While Defendant cites another opinion from this district which found that individuals with religious objections to vaccines are not a protected class for purposes of a disparate impact claim, it has provided no argument based on binding precedent why this Court should find similarly. The Court finds that, at least at the pleading stage, Plaintiffs' allegations sufficiently state a claim for disparate impact.

In sum, Defendant's motion is denied as it relates to Plaintiffs' disparate impact subtheory but granted as to disparate treatment.

### B.     Wrongful Reduction in Pay

Plaintiffs allege that "Defendant wrongfully reduced the Plaintiffs' pay under Title VII and ORS 695A.030(1)(b) in a discriminatory manner on the basis of their religion by placing them on unpaid administrative leave after they submitted religious exemptions." Am. Compl. ¶¶ 82-2, 89-2. The Court is unable to discern from Plaintiffs' Complaint what the legal basis for this claim is, and Plaintiffs' response to Defendant's motion does not explain. The Court cannot say that Plaintiffs have adequately pleaded a claim when it cannot discern what that claim is and what its elements are. The theory is therefore dismissed.

### C.     Retaliation

Plaintiffs allege employment retaliation based on Defendant's selective termination of employees requesting religious exemptions. Am. Compl. ¶¶ 82-3, 89-3. To state a claim for retaliation, a plaintiff must plead "(1) [they] engaged in a protected activity, (2) [they] suffered an adverse employment action, and (3) there was a causal link between the protected activity and the adverse employment action." *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1093–94 (9th Cir. 2008). "Protected activity includes the filing of a charge or a complaint, or providing testimony regarding an employer's alleged unlawful practices, as well as engaging in other activity intended to oppose an employer's discriminatory practices." *Raad v. Fairbanks N. Star Borough Sch. Dist.*, 323 F.3d 1185, 1197 (9th Cir. 2003) (cleaned up).

Defendant argues that Plaintiffs have not adequately pled that they were engaged in "protected activity." The Court agrees. Plaintiffs appear to allege that their requests for religious exemptions were the protected activity, but that is not an allegation of *opposition* to a discriminatory practice, it is an allegation of the discrimination itself. There are no allegations in

the Complaint that any of the Plaintiffs were engaged in "protected activity" for purposes of a retaliation claim. Accordingly, this theory is dismissed.

      D.      **"Company-wide, or systematic, discriminatory pattern or practice"**

Plaintiffs allege that "Defendant engaged in a companywide discriminatory pattern or practice of wrongfully placing the Plaintiffs and other employees seeking religious exemptions from the COVID-19 vaccine mandate on unpaid administrative leave regardless of the nature of their degree in involvement with patient care and without making any attempt to reasonably accommodate their religious practices so that they could continue in the healthcare field." Am. Compl. ¶¶ 82-5, 89-5. As with Plaintiff's "wrongful reduction in pay" claim, the Court is unable to discern the legal basis for this claim, and Plaintiffs' response to Defendant's motion does not explain. The Court cannot say that Plaintiffs have adequately pleaded a claim when it cannot discern what that claim is and what its elements are. The theory is therefore dismissed.

      E.      **Hostile Work Environment**

Plaintiffs allege "Defendant's staff and employees created a hostile work environment for the Plaintiffs who had religious exemptions to the vaccine mandate by making threatening and hostile statements which made the Plaintiffs feel intimidated, harassed, and humiliated on account of their sincere religious beliefs in opposition to the COVID-19 vaccine." Am. Compl. ¶¶ 82-5, 89-5. For Plaintiffs to make out a prima facie case under a hostile work environment theory, they must show: "(1) that [they were] subjected to verbal or physical conduct [because of their religion]; (2) that the conduct was unwelcome; and (3) that the conduct was sufficiently severe or pervasive to alter the conditions of [their] employment and create an abusive work environment." *Vasquez v. Cnty. of L.A.*, 349 F.3d 634, 642 (9th Cir. 2003) (citing *Gregory v. Widnall*, 153 F.3d 1071, 1074 (9th Cir. 1998)).

Defendant argues that Plaintiffs have not alleged that they were subjected to harassment related to their religion, and that comments directed at their vaccination status alone are insufficient to state a claim. In the Ninth Circuit, a plaintiff sufficiently pleads a hostile work environment claim when they allege, for example, that the verbal harassment contained epithets linked to their protected status. *See, e.g.,* Sharp v. S&S Activewear, LLC, 69 F.4th 974, 979 (9th Cir. 2023) (stating that "gender-specific epithets," . . ha[ve] been consistently held to constitute harassment based upon sex") (internal quotation omitted); *see also* Kang v. U. Lim Am., Inc., 296 F.3d 810 (9th Cir. 2002) ("Generally, a plaintiff alleging racial or national origin harassment would present facts showing that he was subjected to racial epithets in the workplace."); Dawson v. Entek Intern, 630 F.3d 928 (9th Cir. 2011) (holding that summary judgment was appropriate because the record did not demonstrate that the plaintiff was "being verbally harassed for appearing non-masculine or for otherwise not fitting the male stereotype").

Here, Plaintiffs did not plausibly allege that they experienced harassment *because of* their religious status. While some Plaintiffs alleged conduct directed at them as unvaccinated individuals, there are no allegations which would allow a plausible inference that the conduct occurred because of their protected religious status. Those Plaintiffs' allegations are as follows:

- Plaintiff Pickens: "Plaintiff Pickens's co-workers and doctors started making rude, negative, and hostile comments about those who chose not to get vaccinated." Am. Compl. ¶ 7.

- Plaintiff Williams: "Plaintiff Williams was subjected to a hostile work environment, where the unaccepting attitudes from staff towards the unvaccinated made it difficult for Plaintiff Williams to work." Am. Compl. ¶ 45.

- Plaintiff Douglas: Plaintiff Douglas was subjected to "nasty comments, social media posts and gossip from coworkers, and being blamed, as an unvaccinated person, for the continuation of the pandemic, amongst other negative judgments." Am. Compl. ¶ 55.

- Plaintiff Hargis: Plaintiff Hargis was required to wear a "sticker" indicating she was unvaccinated and "derogatory memes were posted on social media which were demeaning to the vast majority of employees that chose not to get vaccinated for religious reasons." Am. Compl. ¶ 59.

- Plaintiff Hinman: Plaintiff Hinman was the subject of "hateful speech," and "was told that she was an idiot and that she should be banned from eating in the lunchroom." Am. Compl. ¶ 63.

- Plaintiff Thompson: Plaintiff Thompson was required to wear a "sticker" indicating she was unvaccinated and "received dirty looks, she could hear hateful comments people made, and had one patient tell her that she should not be working in the hospital as she was spreading COVID and killing people." Am. Compl. ¶ 71.

There are no allegations of epithets or other language directed at these Plaintiffs' religion, nor are there any allegations which would allow the plausible inference that behavior directed at unvaccinated individuals was because of those individuals' religions. Indeed, the Complaint refers to conduct towards "unvaccinated" individuals generally. Further, Plaintiffs Rich, Schaeffer, Bauer, Hutchinson, Johnson, Kiyabu, Lauritzen, Loesch, Mayer, Sisler, VanSandt, Abbott, Circle, and Smith alleged no facts at all regarding a hostile work environment. Accordingly, this theory is dismissed.

### III.  Leave to Amend

Plaintiffs have requested leave to amend their Complaint to address any deficiencies. Pl. Resp. 13-14. Rule 15 provides that the "court should freely give leave [to amend a pleading] when justice so requires." A district court should apply Rule 15's "policy of favoring amendments . . . with extreme liberality." *Price v. Kramer*, 200 F.3d 1237, 1250 (9th Cir. 2000) (quotation marks omitted). The purpose of the rule "is 'to facilitate decision on the merits, rather than on the pleadings or technicalities.'" *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015) (quoting *Chudacoff v. Univ. Med. Ctr.*, 649 F.3d 1143, 1152 (9th Cir. 2011)). A district court, however, may, within its discretion, deny a motion to amend "due to undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (alteration in original) (quoting *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008)). "Not all of the factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Futility of amendment, however, "can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

Plaintiffs are granted leave to amend their Complaint because there is no indication amendment would be futile and Defendant does not articulate any prejudice to it in allowing amendment. Indeed, the case is in its early stages and Defendant is on notice of regarding the nature of the claims, which are similar between Plaintiffs. Accordingly, Plaintiffs are given leave to amend.

## CONCLUSION

For the reasons above, Defendant's Motion for Partial Dismissal (ECF No. 16) is GRANTED in part and DENIED in part. Plaintiffs' disparate treatment, wrongful reduction in pay, retaliation, "company-wide, or systematic, discriminatory pattern or practice," and hostile work environment theories are dismissed with leave to amend. Plaintiffs' invasion of privacy claim is dismissed with prejudice. If Plaintiffs choose to amend, their Second Amended Complaint is due no later than 30 days from the date of this Order. If Plaintiffs do not amend, then Defendant's Answer is due 21 days from the date the Second Amended Complaint would have been due.

DATED this 9th day of December 2024.

s/ Mustafa T. Kasubhai<br>
MUSTAFA T. KASUBHAI (He / Him)<br>
United States District Judge