UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

SARAH PICKENS, *et al.*                                Case No. 6:23-cv-01718-MTK

      Plaintiffs,

                                 **OPINION & ORDER**

      v.

PEACEHEALTH, *a corporation*,

      Defendant.

---

**KASUBHAI,** United States District Judge:

Plaintiffs filed this action against their former employer PeaceHealth alleging federal and state claims of employment discrimination. Before the Court are Plaintiffs' counsel's Motion for Recusal (ECF No. 110), Plaintiffs' Motion for Reconsideration (ECF No. 106), and Defendant's Motion for Attorney Fees (ECF No. 113).[1] For the following reasons, Plaintiffs' counsel's Motion for Recusal and Plaintiffs' Motion for Reconsideration are denied, and Defendant's Motion for Attorney Fees are granted.

**BACKGROUND**

Plaintiffs' counsel filed this action initially on behalf of three Plaintiffs on November 20, 2023. ECF No. 1. The complaint was later amended to name an additional 21 Plaintiffs. ECF No.

---

[1] Defendant's Motion for Summary Judgment (ECF No. 124) is also pending before the Court, and it will be addressed in a separate opinion.

12. In general terms, Plaintiffs allege that, while employed by Defendant, they were placed on unpaid leave based on Defendant's COVID-19 vaccine mandate despite Defendant having granted them religious exemptions.

As relevant to the instant motions, Defendant moved for sanctions on April 30, 2025, and May 22, 2025. ECF Nos. 55, 62. The Court granted the motions, finding that sanctions were appropriate for (1) Plaintiffs' counsel's ongoing representation of one of the Plaintiffs after that Plaintiff had unequivocally terminated their attorney-client relationship; and (2) Plaintiffs' counsel's institution and maintenance of 11 separate and duplicative individual lawsuits filed on behalf of Plaintiffs in this case. ECF No. 87. The facts underlying those motions for sanctions are set forth in detail in this Court's December 19, 2025 Opinion and Order resolving them and are not repeated here. *Id.* at 1-8. The Court ordered Defendant to file a Motion for Attorney Fees consistent with its Opinion and Order. *Id.* at 18.

On January 16, 2026, Plaintiffs filed a Motion for Reconsideration of the Court's sanction decision and, six days later, also filed a Motion for Recusal. ECF Nos. 106, 110. The Motion for Recusal was filed the same day as a nearly identical motion filed in *Jarrell v. AllCare Health, Inc.*, a case which had only just been reassigned to this Court. No. 1:23-cv-01719-MTK, ECF Nos. 33, 35.

Consistent with the Court's sanction order, Defendant filed a Motion for Attorney Fees related to the sanctions motions on January 26, 2026. ECF No. 113. Plaintiffs' counsel did not file an opposition to Defendant's attorney fee motion.

## DISCUSSION

Because Plaintiffs' counsel's Motion for Recusal implicates the fitness of this Court to make further decisions in this case, the Court first addresses that motion before turning to Plaintiffs' Motion for Reconsideration and Defendant's Motion for Attorney Fees.

I.      **Plaintiffs' Counsel's Motion for Recusal**

   A.      **Recusal**

Plaintiffs' counsel ask this Court to recuse itself under 28 U.S.C. §§ 144 and 455. Section 144 provides that a judge must recuse when a party "makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. Section 455 requires a judge to recuse himself "in any proceeding in which his impartiality might reasonably be questioned," including if they have "a personal bias or prejudice concerning a party." 28 U.S.C. § 455(a), (b)(1). Recusal under both statutes is governed by the same standard: "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986). The "reasonable person" at issue "is not someone who is 'hypersensitive or unduly suspicious,' but rather is a 'well-informed, thoughtful observer.'" *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008) (quoting *In re Mason*, 916 F.2d 384, 386 (7th Cir. 1990)). The bias or prejudice must arise from "an extrajudicial source and not from conduct or rulings made during the course of the proceeding." *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 566 (9th Cir. 1995).

Except in "the most extreme circumstances," the federal recusal statutes "require a showing that the judge is (or appears to be) biased or prejudiced against a party, not counsel." *Standing Comm. on Discipline of U.S. Dist. Ct. for Cent. Dist. of California v. Yagman*, 55 F.3d 1430, 1444 (9th Cir. 1995). In cases of alleged bias against an attorney, the statutes "require such virulent personal bias or prejudice against the attorney as to amount to a bias against the party." *United States v. Jacobs*, 855 F.2d 652, 656 n.2 (9th Cir. 1988).

Here, the basis for Plaintiffs' counsel's recusal motion is the Court's extrajudicial action of "disclos[ing] confidential settlement communications from a case involving our client to Judge McShane [which were] subsequently incorporated into a State Bar complaint filed against [Plaintiffs' counsel]." Paul Janzen Decl. ¶ 2, ECF No. 112; Caroline Janzen Decl. ¶ 2, ECF No. 111. Plaintiffs' counsel also cite two different opinions written by this Court in other matters— purportedly from before and after the communication between this Court and Chief Judge McShane—that they contend illustrate a "marked shift in judicial approach" creating an appearance of bias. Mot. for Recusal 4-5. Defendant argues that Plaintiffs' counsel's motion is untimely and frivolous.

First, the Court agrees with Defendant that Plaintiffs' counsel's motion is untimely. It is "well established" in the Ninth Circuit that recusal motions must be timely, meaning they "should be filed with reasonable promptness after the ground for such a motion is ascertained." *United States v. Mikhel*, 889 F.3d 1003, 1026 (9th Cir. 2018). Here, the State Bar complaint at issue was filed on November 1, 2024—well over a year before Plaintiffs' counsel filed their Motion for Recusal. *See Jarrell v. AllCare Health, Inc.*, No. 1:23-cv-01719-MTK, ECF No. 28 at 3 (Plaintiffs' counsel asserts that "[o]n November 1, 2024, Judge McShane, in his personal capacity, filed a 17 page complaint with the Oregon State Bar."). This Court's decision in *Dill*, which Plaintiffs' counsel rely on as evidence of this Court's supposed shift in judicial approach, was issued on December 23, 2024—also well over a year before Plaintiffs' counsel filed their Motion for Recusal. The only explanation Plaintiffs' counsel provides for the delay is that they felt they were obligated to file it after moving to recuse this Court in the *Jarrell* case. That explanation is insufficient, as the facts underlying Plaintiffs' counsel's Motion for Recusal in this case existed well over a year ago, regardless of *Jarrell*. Plaintiffs' counsel's motion is untimely.

Page 4 — OPINION AND ORDER

On the merits, the Court finds that Plaintiffs' counsel have failed to state adequate grounds for recusal. First, the motion is unsupported by any evidence regarding the timing or nature of the communications between this Court and Chief Judge McShane, or the State Bar complaint at issue. Plaintiffs' counsel contend that they could not have disclosed more detail without violating their duty of confidentiality to the clients at issue included in the Bar Complaint. But Plaintiffs' counsel could have proposed to provide the evidence under seal or for in camera inspection. They did not. Plaintiffs' counsel also suggest that evidence is not needed because this Court has personal knowledge of the facts at issue. But the Court's personal knowledge of the events referenced in the Janzens' Declaration is not evidence. Plaintiffs' counsel's motion is therefore unsupported by any evidence about the circumstances, timing, and nature of the disclosure. Plaintiffs' counsel have not adequately demonstrated that a reasonable person would question this Court's impartiality.

Plaintiffs' counsel also rely on this Court's rulings on motions to dismiss in two of Plaintiffs' counsel's other cases as evidence of this Court's bias following its alleged disclosure to Chief Judge McShane. Setting aside the problem that the Court cannot discern from this record when the disclosure occurred relative to these two decisions, no reasonable person would conclude that the reason for the differing decisions was bias resulting from the disclosure. The cases cited by Plaintiffs' counsel involved different elements and different allegations which compelled different conclusions for the reasons explained in those decisions. *See Dill v. PeaceHealth*, 2024 WL 5202124 (D. Or. Dec. 23, 2024); *DeMeyer v. St. Charles Health Sys., Inc.*, 2023 WL 5614946 (D. Or. July 3, 2023), *report and recommendation adopted,* 2023 WL 5609102 (D. Or. Aug. 30, 2023). These cherry-picked cases also ignore that, around the same time or even after *Dill*, this Court continued to deny other motions to dismiss in Plaintiffs'

Page 5 — OPINION AND ORDER

counsel's cases where their clients' allegations on the same element at issue in *Dill* were legally sufficient to state a claim. *See, e.g.*, *Dozier v. St. Charles Health Sys., Inc.*, No. 2025 WL 88693 (D. Or. Jan. 14, 2025); *Nichols v. PeaceHealth*, 2024 WL 5090709 (D. Or. Dec. 12, 2024). Regardless, that the Court rendered two different decisions where the legal questions and factual allegations warranted them is no evidence of bias.

Merely providing information that ultimately was included in a bar complaint and issuing different decisions before and after that disclosure would not lead a reasonable person to question this Court's impartiality. This is especially true where, as here, Plaintiffs' counsel does not allege bias against their client, but against them personally. The evidence comes nowhere close to demonstrating the level of "virulent" bias against Plaintiffs' counsel that would be necessary to amount to bias against the party they represent in this case. Plaintiffs' counsels' Motion for Recusal is denied.

## B.    Sanctions

Defendant's response requests that the Court order sanctions against Plaintiffs' counsel for filing their Motion for Recusal, citing 28 U.S.C. § 1927 ("Section 1927"). Section 1927 provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Sanctions under Section 1927 "must be supported by a finding of subjective bad faith." *Blixseth v. Yellowstone Mountain Club, LLC*, 796 F.3d 1004, 1007 (9th Cir. 2015) (citation omitted). "[B]ad faith is present when an attorney knowingly or recklessly raises a frivolous argument or argues a meritorious claim for the purpose of harassing an opponent." *Id.* (citation omitted).

Defendant's motion is denied for two reasons. First, motions may not be made in a responsive brief. LR 7-1(b) ("Motions may not be combined with any response"). Second, even if it were procedurally proper, Defendant has not demonstrated that Plaintiffs' counsel acted with subjective bad faith. While the Court agrees that the motion is objectively frivolous, the evidence submitted with Defendant's response about Plaintiffs' counsel's behavior during conferral— including that Plaintiffs' counsel stated that "the bench has lost its mind," Lauren Decl. ¶ 2, ECF No. 119, and that they believed this Court to be "punishing" them, Riggs Decl. ¶ 2, ECF No. 118—appears to support that Plaintiffs' counsel subjectively believed this Court to be biased. Defendant's motion for sanctions under Section 1927 is denied.

## II.    Plaintiffs' Motion for Reconsideration

Pursuant to Rule 59(e) and Rule 60(b), Plaintiffs move for reconsideration of this Court's December 19, 2025 Opinion and Order granting Defendant's sanctions motions. Rule 59(e) permits a "motion to alter or amend a judgment" when the (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011) (citation omitted). Rule 60(b) authorizes the Court to grant relief from judgments based on "mistake, inadvertence, surprise, or excusable neglect," "newly discovered evidence," or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1),(2),(6).

First, neither of Plaintiffs' cited authorities authorize the relief they seek. Rule 59(e) applies only to judgments or appealable interlocutory orders. *Balla v. Idaho State Bd. of Corrections,* 869 F.2d 461, 466 (9th Cir.1989). Similarly, Rule 60(b) provides relief "from a final judgment, order, or proceeding," which the Ninth Circuit has explained is limited to orders "that terminate litigation and are subject to appeal." *Nat'l Wildlife Fed'n v. Nat'l Marine*

Page 7 — OPINION AND ORDER

*Fisheries Serv.*, 886 F.3d 803, 816 (9th Cir. 2018). Because the Court's December 19, 2025 Opinion and Order was not a final appealable order or judgment, neither Rule 59(e) nor Rule 60(b) apply.

Second, Plaintiffs fail to present adequate grounds for reconsideration. "Although the Federal Rules of Civil Procedure do not expressly authorize a motion for reconsideration, '[a] district court has the inherent power to reconsider and modify its interlocutory orders prior to the entry of judgment.'" *Am. Med. Response Nw., Inc. v. ACE Am. Ins. Co.*, 31 F. Supp. 3d 1087, 1091 (D. Or. 2014) (quoting *Smith v. Massachusetts*, 543 U.S. 462, 475 (2005). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold,* 179 F.3d 656, 665 (9th Cir.1999). Plaintiffs here do not rely on new evidence or a change in law, instead arguing that the Court's sanction ruling was clear error. The Court has reviewed Plaintiffs' submission alongside the Opinion and Order at issue and finds that Plaintiffs have failed to demonstrate that this Court committed clear error. Plaintiffs' Motion for Reconsideration is denied.[2]

---

[2] Defendant's response to Plaintiffs' Motion for Reconsideration included a request that the Court award its attorney fees incurred responding to the motion. This request was made in the conclusion of Defendant's motion and includes no argument or citation to authority. It is denied as in violation of Local Rule 7-1(b) and because it is unsupported by legal authority or argument.

### III.    Defendant's Motion for Attorney Fees

Defendant moves for attorney fees consistent with this Court's Opinion and Order on Defendant's motions for sanctions, under which the Court awarded against Plaintiffs' counsel and to Defendant: (1) all fees specifically attributable to Mr. Lauritzen—as well as a share of non-attributable fees proportional to the number of Plaintiffs that remained in the case—between April 8, 2025 and May 30, 2025; (2) all attorney fees incurred by Defendant in defending the individually filed actions that were duplicative of claims by Plaintiffs in this case; and (3) all attorney fees Defendant incurred in bringing its motions for sanctions.

The determination of a reasonable attorney's fee begins with the "lodestar" method, which is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 563–64 (1986). The party seeking an award of fees bears "the burden of documenting the appropriate hours expended in the litigation, and [is] required to submit evidence in support of those hours worked." *United Steelworkers of Am. v. Ret. Income Plan for Hourly-rated Emps. of Asarco, Inc.*, 512 F.3d 555, 565 (9th Cir. 2008) (quotations omitted).

When "determining the appropriate number of hours to be included in a lodestar calculation, the district court should exclude hours 'that are excessive, redundant, or otherwise unnecessary.'" *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). In making that determination, courts consider the following "*Kerr*" factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) any time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10)

the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). A rote recitation of the relevant factors is unnecessary if the court adequately explains the basis for its award of attorney fees. *McGinnis v. Kentucky Fried Chicken of Cal.*, 51 F.3d 805, 809 (9th Cir. 1995).

Here, Plaintiff did not file a response to Defendant's Motion for Attorney Fees, which the Court construes as Plaintiffs' counsel's concession that the requested fees are reasonable.[3] Defendant has submitted a detailed log of time expended on each of the categories of items this Court found to be compensable in its sanction ruling. Riggs Decl. Exs. 2-4. The Court has closely reviewed Defendant's submission and does not identify any entries which are excessive, redundant, or otherwise unnecessary. The detail provided in Defendant's logs is sufficient for the Court to determine each entry's relation to the categories of legal work compensable under the Court's sanction ruling. Particularly given the complexity of the issues and the difficulty caused by Plaintiffs' counsel's conduct, the time expended is reasonable. In addition, the hourly rates Defendant seeks are reasonable as they are supported by the Oregon State Bar's 2022 Economic Survey, survey data from 188 U.S. law firms, and Defense counsel and staff's relevant experience and years of practice. Riggs Decl. ¶¶ 3-8, Ex. 1.

Applying the lodestar method, the Court finds that Defendant's requested fees are reasonable. Accordingly, Plaintiffs' counsel shall pay Defendant's attorney fees in the amount of $133,274.00.

---

[3] Though Plaintiffs' Motion for Reconsideration indicates a continuing opposition to Defendant's entitlement to fees, whether such fees are reasonable is a separate issue which Plaintiffs failed to contest.

Defendant's Motion for Attorney Fees also requests leave to submit a supplemental statement of fees expended in filing the Motion for Attorney Fees. This additional amount was not contemplated in the Court's sanction order and, considering the large amount of fees already being assessed against Plaintiffs' counsel, the Court declines to expand its sanction ruling to now encompass that amount.

**CONCLUSION**

For the reasons discussed above, Plaintiffs' counsel's Motion for Recusal (ECF No. 110) is DENIED; Plaintiffs' Motion for Reconsideration (ECF No. 106) is DENIED; and Defendant's Motion for Attorney Fees (ECF No. 113) is GRANTED. Attorney Fees are awarded to Defendant and against Plaintiffs' counsel in the amount of $133,274.00.

DATED this 22nd day of May 2026.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (he/him
United States District Judge